## In the matter of BLEAKLEY.

Where a solicitor commenced a suit in chancery for the recovery of a demand
due to the complainant, and the counsel employed by such solicitor after-
wards compromised the suit, and received from the defendant $287,45, be-
sides costs, and paid the same over to the solicitor, except $50, which was
left in the hands of the counsel, to be paid to the complainant, provided he
would receive it in full of his demand, and the solicitor afterwards refused
to account to the complainant, or to pay him more than the $50; *Held*,
that the counsel was not liable to the complainant for the money, which had
been paid over to the solicitor before he had notice of the complainant's
claim for the whole amount. But the counsel was held to be personally
liable for the $50, which he paid over to the solicitor, after he had been
served with a notice of an application to the court, to compel him and the
solicitor to pay over the money received from the defendant upon the com-
promise of the suit.

Where a solicitor collects money for his client, which he refuses to pay over,
the court will enforce the payment of the money by a commitment for a
contempt; and if he persists in his disobedience to the order of the court,
the chancellor may order him to be stricken from the roll of solicitors.

It is illegal for a solicitor to contract with his client for a part of the demand
in litigation, in addition to his legal costs and expenses in the suit, if he
succeeds in the litigation; and such agreements, as they tend to champerty
and maintenance, will not be sanctioned by the court.

THIS was an application, on the part of A. Bleakley, to com- July 7.
pel the payment of the amount of a judgment collected for
him on a creditor's bill in this court, against John White.
From the petition of the complainant, it appeared that in Feb-
ruary, 1829, he recovered a judgment against White, in the su-
preme court, for $238,18; and that L. Webb, one of the so-
licitors of this court, afterwards applied to Bleakley to purchase
the judgment, and offered to give him $50 therefor, and take
the risk of its collection. This proposition Bleakley declin-
ed; but offered to give him one half of what should be
recovered, if he would undertake the collection thereof, and
indemnify him against the payment of any costs. This
proposition, however, was not agreed to by the solicitor. The
solicitor thereupon commenced the suit for the petitioner,
without making any agreement on the subject, and the bill
was verified by the oath of the complainant. The defendant

pleaded, in bar of the suit, that the judgment, exclusive of interest, had been paid by the corporation of New-York; which plea, upon argument, was overrued. (*See Bleakley* v. *White*, 4 *Paige's Rep.* 654.) The suit was afterwards settled by the counsel employed by the solicitor; who received on such settlement $432,45, including $145 for costs. The solicitor received the money, except $50 which was left in the hands of the counsel to be paid to the complainant, provided he would receive it in full of his claim. The petitioner applied to the counsel for the $50 left in his hands, who refused to pay it to him, unless he would receive it, and give a receipt in full of his claim, which the petitioner refused to do. And after the counsel had been served with a copy of the petition in this case, and notice of this application, he paid the $50 over to the solicitor, without the consent of the petitioner. The attorney of the petitioner also applied to L. Webb, the solicitor, for an account and settlement for the monies received from the defendant in the suit; who refused to do any thing about it, or to give any explanation, unless the petitioner would accept the $50 in full.

*H. C. Towner*, for the petitioner.

*W. Silliman*, for the solicitor, L. Webb.

THE CHANCELLOR. The counsel, in whose hands the $50 still remained at the time of the service on him of the petition and notice of this application, has made himself personally responsible to the petitioner for that amount, by paying it over to the solicitor, after he was fully apprised of the legal and equitable right of Bleakley to that sum, as well as to the residue of the fund already paid over to the solicitor. The petition distinctly states the grounds of the petitioner's claim, and prayed that the counsel, or solicitor who had received the money, might be ordered to pay it over to the petitioner. The counsel, therefore, in whose hands this $50 then was, paid over the money to the solicitor in his own wrong. He must, within ten days after a personal demand thereof, pay the $50 to the petitioner, or his solicitor in this petition, together with

the interest thereof, from the 16th of June, 1835, the time of presenting this petition. And L. Webb, the solicitor, must refund the $50 and interest to such counsel, upon demand thereof, and upon service of a copy of the order to be entered on this application, or the latter may have the usual precept to commit him, for non-payment.

As the counsel had paid over the residue of the money to the solicitor, in good faith, before he had any notice of the rights of the client, and of the intention of the solicitor to appropriate it to his own use, the petitioner must look to his solicitor alone, for that part of the money to which he is entitled. The conduct of this solicitor appears to have been highly improper and reprehensible from the beginning; and he has no excuse whatever, for refusing to pay the petitioner the whole of his money, after deducting such reasonable disbursements, if any, as had not been paid by the adverse party. From the petition and the annexed affidavit, it appears that, in the first place, he applied to the petitioner to purchase his demand against White, for the purpose of instituting a suit thereon, in violation of the statute, and of his duty as a solicitor of this court. And if he had succeeded in this object, it would have been the duty of the court, upon proof of the fact, to have stricken his name from the roll of solicitors. If there was any express or implied understanding that he was to have any part of the claim in litigation, in addition to his legal costs and expenses in the suit, if he succeeded in collecting the demand, that agreement was equally improper, as tending to champerty and maintenance. And if there was no such agreement, he is guilty of extortion, in attempting to deprive his client of the money to which he, the solicitor, has no legal or equitable claim whatever. He must, therefore, pay the petitioner his money, or I shall consider it my duty to protect the community against any further impositions of this kind, by removing him from his office of solicitor.

There is nothing in the case to show that he had any authority to employ counsel for his client, and make him liable for extra counsel fees beyond the allowance fixed by the fee bill. His general retainer as solicitor, gives him no

1835.

In the matter
of Bleakley.

such authority. That is a matterwhich must be left to the client himself, unless he thinks proper to delegate the power specially to the solicitor. In this case I presume the client would have readily allowed him for the payment of a reasonable counsel fee upon the argument of the plea, in addition to the taxable fee paid by the adverse party, if he had settled with him as an honorable lawyer should settle with his client. But under the circumstances of this case, the petitioner is justified in refusing to make him any allowance beyond what he has a strict legal right to claim, as the petitioner's extra expenses on this application will probably be as much as the extra counsel fees which could have been fairly claimed in that suit.

As the solicitor has neglected to furnish his client with a statement of the extra expenses, if any, in that suit, beyond what was received from the adverse party, and has not thought proper to exhibit them to the court on this application, I must presume the $145 included all that he had any legal right to claim. He must, therefore, pay to the petitioner, or to his solicitor in this matter, $237,45, with the interest thereon from the time of presenting this petition, together with the taxable costs on this application, within twenty days after the service of the taxed bill of costs and demand of payment. And if he neglects to make such payment, the petitioner may apply for a precept of commitment, and may also apply to remove him from his office of solicitor.