By the Court. Sandford, J.
Without looking into the merits of the question of fact disposed of in the court below, we think there are two grounds upon which the judgment must be set aside.
1. The defendant below was sued as an attorney at law, for money collected by him as such, for the plaintiff and on his retainer. Now, there is no point better settled than this, that such an action cannot be maintained without proof of an actual demand of the money. Our reports are full of decisions to this effect, and it would be a waste of time to cite them at large. In this case there is no evidence of a demand.
2. The agreement by which the plaintiff acquired an interest in the demand against the estate of Griffin, as well as that which he seeks to enforce against the defendant; was a contract with an attorney at law, employed to collect a debt, to give him a part of the debt as the compensation for his services in collecting it.
Such contracts were void by the law of this state, as it existed when these arrangements were made ; and they could not be enforced either at law or in equity. (Arden v. Patterson, 5 J. C. R. 44; Matter of Bleakley, 5 Paige, 311; Merritt v. Lambert, 10 ibid. 352; S. C. by the name of Wallis v. Loubat, 2 Denio, 607; Berrien v. McLane, 1 Hoff. Ch. R. 421.) The ' code of procedure appears to háve changed the law in this respect, and to enable parties to make such bargains as they please with their attorneys. (Code of Proc. § 258.) The judgment must be reversed.