## DUMAS vs. SMITH.

1. Where a client gives a note to his attorney for services to be rendered in a certain suit, and at the same time executes an instrument by which he agrees to allow him one half the damages that may be recovered, the note and agreement form but one contract, and both are champertous and void.

Error to the Circuit Court of Fayette. Tried before the Hon. Geo. Goldthwaite.

THE facts are stated in the opinion of the court. The Circuit judge instructed the jury that the plaintiff was entitled to recover on the note, to which the defendant excepted and now assigns it as error.

J. L. MARTIN, for plaintiff in error:—We contend in this case, that the two instruments introduced in evidence form but one contract, being made at the same time and in relation to the same subject matter, and are void for champerty.—See Hollaway v. Lowe, 7 Porter, 488, which is full to the point here presented.—Same case, 1 Ala. 246.

PECK, for defendant, cites the following cases—Hollaway v. Lowe, 7 Porter, 488; the same case, 1 Ala. 246.

PARSONS, J.—William R. Smith, who was the plaintiff in the Circuit Court, introduced on trial a promissory note made by the defendant below, for the payment, one day after date thereof, of fifty dollars for the services of Mr. Smith in two cases

in the Circuit Court of Fayette county, between Dumas and other persons, whose names are stated in the note. According to the note, the money was payable one day after the date of the note. He next introduced a writing signed by Dumas, whereby he agreed to give him one half of the damages which he, Dumas, might recover in the two cases which he had then pending in the Circuit Court of Fayette, and which are described so as to show that they are the same cases which are stated in the note. Both of the instruments bear date the 16th day of April 1845. The case of George Elliott v. William B. McClelland, assignee, &c. decided at this term, is a direct authority to show that the note and the written agreement form but one contract, and that they are both champertous and void. I did not sit in that case, because I had been of counsel for one of the parties, but I fully concur in the opinion of the other judges.

The judgment of the Circuit Court is reversed and the cause remanded, but the opinion of the Circuit Court is only reversed so far as inconsistent with this opinion.