Nov. Term, 1854.

SCOBEY
v.
ROSS.

---

SCOBEY *v.* ROSS.

5    445
149   635
5    445
158   483

*A.* employed *B.* and *C.*, attorneys, to collect a decree in *A.*'s favor of 500 dollars, and agreed in writing to pay them for their services 150 dollars of the

decree, when they should collect the same. *B.* having received 200 dollars, refused to pay it to *A.* on demand; whereupon *A.* discharged *B.* and *C.*, employed another attorney to collect the decree, and brought an action for money had and received against *B.* for the 200 dollars collected. *B.* pleaded the general issue.

*Held,* that if the contract was in force, *B.* and *C.* were not entitled to compensation till the decree was fully collected.

*Held,* also, that if the contract was broken and rescinded, the claim of *B.* and *C.* could only be for a reasonable compensation for the services performed, with damages, perhaps, for the breach of the contract.

*Held,* also, that such compensation and damages could not be deducted in this suit, as no special plea, notice or counter-claim was filed.

Tuesday,
December 5.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—Assumpsit by *Nancy Ross* against *John S. Scobey,* for money had and received. Plea, the general issue. Trial by the Court, and judgment for the plaintiff. The facts of the case may be briefly stated. Mrs. *Ross* made a contract with *Scobey* and *Test,* as follows: " *Greensburg, Indiana, September* 21, 1846. I, *Nancy Cole,* alias *Nancy Ross,* have employed *Charles H. Test* and *John S. Scobey* as attorneys to collect a judgment rendered by the judges of the *Decatur* Circuit Court in chancery sitting, in my favor, against *John Ross,* in a suit for divorce, for five hundred dollars, and I agree to pay to said *Test* and *Scobey* one hundred and fifty dollars of said judgment for their services, when they shall collect the same. [Signed] *Nancy Ross.*" Near the decree, above called a judgment, was a receipt in these words: "*January* 27, 1851. Received of *Marine D. Ross* two hundred dollars on the opposite decree. [Signed] *J. S. Scobey,* attorney."

About a month after *Scobey* received the money, Mrs. *Ross* demanded it of him, but he refused to pay it to her. She became dissatisfied, and discharged her then attorneys, and employed *John Ryman,* Esq., to collect the balance of the decree against *Ross;* and, in *April,* 1853, commenced this suit against *Scobey,* in which she recovered judgment below for the 200 dollars and interest.

The question arises, upon what ground could *Scobey* retain said 200 dollars, or any part thereof?

Supposing the contract between Mrs. *Ross* and Messrs. *Test* and *Scobey* valid and in force, it had not been fulfilled.

The 500 dollar decree had been but in part collected, and no claim for compensation arose under the agreement till the whole of said decree was collected. Supposing the contract valid, but broken and rescinded, then the claim of *Test* and *Scobey* would only be for a reasonable compensation for service actually performed, with, perhaps, damages for the breach of the contract; but such compensation and damages could not be deducted in this suit, as no plea, notice, or counter-claim was filed, but the general issue simply pleaded. *Pruitt* v. *Miller*, 3 Ind. R. 16.

In any event, then, the decision of the Court below must be affirmed. We are consequently relieved from the necessity of deciding the question mainly labored by counsel in argument, viz., whether the contract above set out between Mrs. *Ross* and the counsel named, is champertous and void, and we shall not decide it. See, upon this point, *Holloway* v. *Lowe*, 7 Porter 488.—*Lathrop* v. *The Amherst Bank*, 9 Metcalf 489.—*Satterlee* v. *Frazer*, 2 Sandf. 141.—*Dumas* v. *Smith*, 17 Ala. 305.—*Wallis* v. *Loubat*, 2 Denio 607.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. S. Scobey*, for the appellant.

*J. Ryman*, for the appellee.