## FITCH *v.* GARDENIER.

### September, 1866.

The client wished to compromise his action ; and his attorney, to induce him to prosecute it, promised to make no charge for any of his services in the suit if he failed to collect the whole amount of the claim. *Held,* that this was not a collateral undertaking or guarantee of collection within the statute of frauds ; and was not void for want of a written memorandum.

John Fitch sued John A. Gardenier, in the supreme court, to recover attorney and counsel fees due to Fitch from Gardenier, in the suit of Gardenier against Springstein, in which Fitch had been Gardenier's attorney. The plaintiff established his cause of action.

To defeat the claim, defendant proved that while the Springstein suit was on trial, the defendant therein offered to pay Gardenier one hundred and fifty dollars, and to pay his own costs, to settle the suit. Gardenier informed his attorney (the present plaintiff), of the offer, and that he thought it for his interest to accept it. To prevent his acceptance of the offer, the present plaintiff then entered into an agreement with Gardenier, to the effect that he, the, plaintiff, would make no charge whatever for what he had done, or what he should do in carrying on the said said suit, if the said Gardenier failed to recover judgment in the said suit against said Springstein, and failed to collect the whole amount of his claim against said Springstein. Gardenier assented to and entered into said agreement, and on account thereof refused to accept the said offer of settlement. It further appeared that said suit was prosecuted to judgment, but that no part of the judgment had been collected, and that the same was worthless and uncollectible.

*The referee* found that this agreement was original and material, in the one event largely increasing the plaintiff's costs; that it involved expense, time, trouble, risk of loss to Gardenier; and that the same was a valuable consideration binding upon both parties.

Defendant had judgment, which was affirmed by the court at general term ; and plaintiff appealed.

*John Fitch*, plaintiff and appellant, in person.

*M. I. Townsend*, for defendant, respondent.

HUNT, J. [After stating the facts.]—The plaintiff claims that the agreement was, on his part, a collateral undertaking, void by the statute of frauds, and that he is still entitled to recover the amount of his claim against Gardenier.

The statute declares that "every special promise to answer for the debt, default or miscarriage of another person, shall be void unless such agreement, or some note or memorandum thereof, expressing the consideration, be in writing, and subscribed by the party to be charged therewith." 2 *R. S.* p. 140, § 2, *Edm. ed.*

That the general principles of law on the subject of becoming security for the debt of another, are, as claimed by the plaintiff, that the agreement must not only be upon a valid consideration, but that it must be in writing and signed by the party to be charged, there can be no doubt. If the plaintiff in this case had guarantced to Gardenier the collection of his judgment against Springstein, and Gardenier had brought an action against him to recover the amount of such debt, the principles invoked by the plaintiff would have been applicable. In the present case there is no such claim. The plaintiff is not called upon for payment of Mr. Springstein's debt. It is not alleged that he has entered into an agreement for its direct payment; nor is any claim for payment made upon him. There is no principle of law that prevents a creditor, upon a good consideration, from making the payment of his claim dependent upon a contingency, nor is there any statute that requires an agreement to that effect to be in writing. That was the present case. The plaintiff had an accruing claim, not due in the whole, until the close of the trial in which he was engaged. Upon a valid consideration, consisting both of prospective advantage to himself, and of hazard and expense to Gardenier, he agrees with Gardenier, while such trial is in pro-

gress, that the whole of his compensation, past and future, shall depend upon the contingency of the collection by Gardenier of his claim against Springstein. I can perceive no objection to this agreement, although not in writing; and as it is found by the referee that the Springstein debt has not been paid, and is worthless and uncollectible, it forms a defense to the plaintiff's claim for costs.

The statute now existing repeals all laws "restricting or controlling the right of a party to agree with an attorney, solicitor or counsel, for his compensation." *Code,* § 303.

The plaintiff was at liberty to agree with Gardenier that his compensation should be one-half only of the statutory fees, or that it should be double that amount, or that it should depend upon any contingency contemplated by the parties. He chose to make the agreement found by the referee, and must abide by its results.

The judgment should be affirmed, with costs.

All the judges concurred, except PORTER, J., not voting.

Judgment affirmed, with costs.