SIMS v. BROWN.

*Agency — when attorney is liable as agent.*

There is no difference between the nature and the extent of the liability of an attorney and that of any other agent in respect to moneys collected by him for his principal and claimed by a third person. Accordingly, where an attorney, after notice from plaintiff that she claimed moneys collected by him in an action brought in behalf of one A, paid it over to his client; *held,* that plaintiff was entitled to recover of the attorney the amount so paid over.

A PPEAL by plaintiff from an order at special term granting a new trial after a verdict at the circuit in favor of plaintiff.

The action was brought by Louisa Sims against Henry B. Brown to recover of the defendant, an attorney at law, residing and doing business as such in the State of Michigan, moneys alleged to have been received by him as attorney for the plaintiff, and which he wrongfully paid to another person after notice of plaintiff's title thereto. It was proved by the defendant that one McNeal, in August, 1866, called on defendant and directed him to com-

mence proceedings in admiralty against a vessel called the Evening Star for damages to the steam tug William F. Allen. McNeal told defendant the tug was under the control of Jesse Sims, but he (McNeal) understood it belonged to this plaintiff. Proceedings were commenced in the name of this plaintiff. The action was finally settled by the payment by the owners of the Evening Star of $75. After paying charges, etc., there remained in defendant's hands $18.03 to be paid to the owner of the tug. In December, 1866, Jesse Sims directed the defendant to commence an action against the Alpina Harbor Improvement Co. for dredging performed by Jesse ·as agent for John H. Sims with said tug, dredge Milwaukie and mud scows. Defendant was then informed that the tug, etc., had been owned by this plaintiff, but then belonged to John H. Sims, and he showed defendant a bill of sale from plaintiff to him dated August 10, 1866. The defendant amended the proceedings against the Evening Star by substituting the name of John H. Sims in place of that of this plaintiff, and finding that the contract with the Alpina Co. was made with this plaintiff, defendant amended the proceedings, as he was permitted by the laws of Michigan to do, by inserting after the name of the plaintiff the words *"for the benefit of John H. Sims,"* and that thereby said John H. Sims became the beneficial plaintiff in the suit. The suit against the improvement company was settled by the payment to defendant by the company of $1,643.89, and there remained in defendant's hands, after paying costs, etc., $1,222.29, which, with $18.03, made up the whole amount received by defendant. This amount defendant paid over to one Ford upon an order drawn by said John H. Sims directing such payment.

Neither this plaintiff nor John H. Sims had ever seen the defendant in reference to the said suits or the proceedings therein. Jesse, at all times, represented to defendant that the said John H. Sims was the owner of said tug and other vessels, and that he (Jesse) was acting for said John H. Sims.

The plaintiff gave evidence tending to show that the bill of sale from her to John H. Sims was a forgery, the plaintiff herself so testifying. The plaintiff also gave evidence tending to prove that Jesse Sims was her servant employed by the day to finish the contract with the Alpina Company, and, in taking charge of said tugs and other boats, and that long after said pretended sale to John H. Sims, he (John H. Sims) called on her to purchase the same, but

she refused to sell.    Defendant gave evidence tending to prove that the plaintiff knew the contents of the paper called the bill of sale, and that the same was signed by her.

The court was requested by the defendant to charge the jury that if they should find that defendant was retained by, for and on behalf of John H. Sims, and that he did not recognize the plaintiff as his client, the plaintiff could not recover.    The court refused so to charge, but did charge that plaintiff could recover, even if defendant was so retained, if they found that the contract out of which the claim arose was plaintiff's, and that the claim accrued for work done by her through Jesse Sims as her agent, provided she gave notice of that fact to defendant and claimed the money recovered by him before he paid it over to any other person.

The defendant excepted to this instruction.    The jury rendered a verdict in favor of the plaintiff.    A motion was made by the defendant's counsel for a new trial at the special term, and it was granted, costs to abide event.    From the order granting a new trial plaintiff appeals.

*E. Thayer*, for appellant.

*N. Morey*, for respondent, cited *Sadler* v. *Evans*, 4 Burr. 1984 ; *Cosligan* v. *Newland*, 12 Barb. 456 ; *Colvin* v. *Holbrook*, 2 N. Y. 126 ; *Montgomery Co. Bank* v. *Albany Bank*, 7 id. 461 ; *Waterbury* v. *Westervelt*, 9 id. 603 ; *Hall* v. *Lauderdale*, 46 id. 76 ; Story on Agency, § 217 ; Story's Eq. Juris., §§ 816, 817 ; *Vosburg* v. *Huntington*, 15 Abb. 257; *Nickolson* v. *Knowles*, 5 Maddock, 47; Story's Eq. Pl., § 296; *Marvin* v. *Elwood*, 11 Paige, 365; *Bouldon* v. *Hebel*, 17 Serg. & Rawle, 312 ; *Gerber* v. *Morie*, 56 Barb. 652 ; *Lund* v. *Savings Bank*, 23 How. 259 ; *Trigg* v. *Hitz*, 17 Abb. 439.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

MULLIN, P. J.    Taking the refusal to charge as requested and the charge as given, the jury were instructed that it was not necessary to render defendant liable to the plaintiff for the money collected by him, that he should have been retained by her, or that he should have recognized her as his client, provided the money in fact belonged to her, and she had given notice to that effect to him before he paid over the money to his client;  in other words, it was

not essential that the relation of attorney and client should subsist between the parties; the plaintiff was entitled to the money if it belonged to her, and the defendant had notice of her title thereto before the payment by him to John H. Sims.

It follows from these propositions that an attorney is liable to a third person for moneys collected by him for his client, if the claimant gives notice of his claim before the attorney pays it over.

I infer from the opinion of the judge at special term, upon granting a new trial, that he was of the opinion that an attorney stood in a somewhat different relation to his client in reference to moneys collected by him from that occupied by other agents — that he would not be allowed to dispute the claim of the client when other agents would be allowed to do so. I do not find any case in which that principle has been decided. Indeed, in all the cases to which we have been referred, the liability of an attorney is held to be the same as that of other agents, unless there was some element in the case of the attorney taking it out of the general rule.

In *Marvin* v. *Ellwood*, 11 Paige, 365, the question was whether an attorney who had collected money for his client could file a bill of interpleader against the client, and the third person claiming the fund, and the chancellor held he could not.

It does not follow that because an attorney cannot interplead his client, that he is not liable over to him in an action at law for the moneys collected by him. If an attorney has notice that a third person claims money collected by him for a client before it is paid over, he is liable to the claimant, if he pays it over to the client after such notice, and such was the view of the chancellor in the case cited. The attorney might protect himself by demanding security of the claimant or client, and pay to either upon receiving indemnity. *Langley* v. *Warner*, 1 Sandf. 209; *Matter of Bleakley*, 5 Paige, 311.

The general rule, doubtless, is that an agent cannot dispute the title of his principal to property intrusted to him by the latter. But that principle does not apply to a case where a claim is made by a third person to the property. In such case the agent must interplead the principal and claimant if he can, or he must demand indemnity, and deliver to the party who indemnifies him. He is not compelled to yield to the claim of the principal without an effort to protect himself against the claims of third persons. And if he has delivered the property to his principal without notice of

the claims of others thereto, he is protected against such claims to the extent of the delivery.

The evidence as to whether the defendant was retained by the plaintiff was conflicting, and the jury has found in favor of the plaintiff upon it, if it can be said to have been a question on the trial. The court put the case to the jury upon the assumption that the relation between the parties was that of principal and agent.

If the defendant was liable in that character, the verdict was right. But if the liability of an attorney to his client is less onerous than of an agent to his principal, he had the right to have the jury decide whether the relation of attorney and client existed, and the refusal to charge as requested on that subject was erroneous. I am of the opinion that there is no difference in the nature or extent of the liability whether the defendant is to be considered an attorney or a mere agent.

The order granting a new trial must be reversed and the motion therefore denied.

*Order reversed.*