By the Court.—Monell, Ch. J.
The only question we are asked to examine in this case, is as to the power of the court, upon a summary application to determine a disputed question of fact between an attorney and Ms client, as to the existence of a special agreement, fixing the rate of the former’s compensation for prosecuting an action.
It is conceded that if the power exists, the mode adopted in this case is without objection. Upon a motion, properly before the court, it may, to inform its conscience, direct a reference to take the proofs (Marshall v. Meech, 51 N. Y. 140).
No exception to the referee’s report is urged ; and Ms finding that no agreement fixing the attorney’s compensation existed, made it competent for him under the order, to ascertain the reasonable value; and his report, confirmed by the court, is conclusive.
• But the objection was taken at each successive step in the proceeding, that the court, upon a motion, could not try the disputed fact of the existence of the alleged special agreement. And it necessarily follows that, if the power does not exist, the order of reference and all the proceedings under it, as well as the order appealed from, was erroneous.
The power to proceed summarily to compel an attorney to pay over the money of his client, is not questioned in cases wdiere there is no dispute as to the rate or value of the attorney’s services, or where the rate is fixed by law, or the value can be determined upon a quantum, meruit. In such cases the court will ascer *232 tain what is a suitable compensation, and direct the balance of the money in the hands of the attorney, to be paid to the client.
And those are the ordinary cases, where in England and this country, the courts proceed upon the principle that attorneys, being officers of the court, should be brought summarily within its authority, for any misconduct, violation of duty, or other wrongful proceeding towards bis client.
But it is claimed that the present case differs from those in which the court has usually entertained the proceeding, in this, that the attorney’s compensation was fixed by an agreement made between himself and his client, and that the existence of such agreement is in dispute.
That issue, it is insisted, the court can not try on a motion.
The validity of the agreement which formerly would have been void (Merritt v. Lambert, 10 Paige, 352), is now established by law.
The code (§ 303) provides that the measure of an attorney’s compensation may be the subject of an agreement between himself and his client; and such agreements, where there is no charge of great hardship, extortion or fraud (Barry v. Whitney, 3 Sandf. 696), it is the duty of the court to recognize and enforce.
There is no restriction as to the nature or extent of the agreement, and, therefore, as in this case, the amount of compensation maybe made contingent upon success in the action (Fitch v. Gardner, 2 Keyes, 516; Hitchings v. Van Brunt, 38 N. Y. 335).
The lien of an attorney which formerly was limited to his taxable costs and counsel fees, is now extended to any sum which may be agreed upon, as the measure of his compensation (Rooney v. Second Ave. R. R. Co. 18 N. Y. 368; Marshall v. Meech., ubi sup.).
The radical change in the law, by which the taxable *233 costs, which formerly belonged to the attorney, are now given to the party, and the right now to fix by agreement the attorney’s compensation, it is insisted, presents the question of the power of the court over attorneys in a new aspect and relieves it of the force of those cases where the power has ordinarily been applied.
The measure of the attorney’s compensation in this case, he says, was fixed by agreement, and the agreement is denied by the plaintiff. Upon that issue the attorney must succeed, or probably fail entirely to recover any compensation whatever. For having alleged a special contract, it is at least doubtful, if having failed to establish it, he then can recover upon a quantum, meruit.
The only issue in this case is as to the special agreement. The attorney does not claim otherwise, and he insists he has the right of having that issue tried by a jury.
Under recent decisions (Townsend v. Hendricks, 40 How. Pr. 143; Kane v. Delano, 11 Abb. N. S. 29; Welsh v. Darrah, 52 N. Y. 590; Evans v Kalbfleisch, 36 Sup’r Ct. 450; Ross v. Combes, 37 Id. 289), an action which merely involves the existence of an agreement is not referable. The agreement, being established the attorney would be entitled to recover the stipulated sum, and no account, long or otherwise, would require to be examined. And such an action the parties have the right to insist should be tried by a jury.
The effect of the constitutional provision “ that the trial by jury in all cases, in which it has been heretofore used, shall remain inviolate” (Art. 1, § 2), was fally considered in Townsend v. Hendricks, supra, and in Kane v. Delano, supra, where it was held that the right of trial by jury continues in all common-law cases, to which there is but one exception, namely : an action on contract requiring the examination of a long account.
*234 In an action by Mr. Townsend to recover his compensation, or in an action by the plaintiff to recover the money collected by the former, either party would have the right to insist that the.question in dispute should be submitted to a jury. If such agreement constituted the whole cause of action or defense, the court, under the cases cited, could not make a compulsory reference, but would be obliged to send it to a jury."
And that absolute right of trial by jury of a cause of action or defense, lies at the foundation of the objection in this case.
This is an initial proceeding as for a contempt in civil actions under the statute (2 R. S. 534), and it' the order requiring the payment of the money was lawfully made, the court can lawfully punish the attorney for his disobedience (Sub. 1 and § 20). But the statute-restricts the power to punish, to cases of disobedience of “any lawful order” made by the court, and does, not enlarge its common-law powers.
As yet, the attorney has not been adjudged in contempt. The order requiring him to pay has been suspended by the appeal, and he continues to make his objection which involves the “lawfulness” of the order. So that the statute furnishes no aid in determining the question of power in the court to make the order, for the disobedience of which it is sought under the statute to punish the attorney, but leaves the question to be determined upon reasons which are independent of the statute.
A motion to compel an attorney to pay over the money of his client is addressed to the equitable powers of the court (Sexton v. Wyckoff, 6 Paige, 182), and like other motions for cumulative relief, is made to the favor and conscience of the court (Ackerman v. Ackerman, 14 Abb. 229). And as equitable pow ersare discretionary powers, the court may or may not in its discretion, entertain the motion. But having *235 entertained it, the appellate court will not- interfere with such discretion, unless there has been a palpable abuse. That is undoubtedly so, to the extent of the initial proceeding. So that, if upon the plaintiff’s affidavit the court was authorized, to make the order to show cause this court would not disturb the order. Upon her papers it appeared to be the ordinary case of a withholding of her money by her attorney. But when the issue was raised by the attorney upon the disputed fact of the existence of a special agreement, and he objected to the court’s farther entertaining the motion, claiming his right to have that question tried by a jury, it no longer remained, as he claims, a matter of discretion to proceed or not to proceed with the motion. For, if the attorney had such right of a jury trial, as is secured by the constitution, the court was without power to deprive him of it.
This absolute right of trial by jury in equitable action, of such issues as may now, under the blending of law and equity, be included in one action, is fully recognized by the court in several cases (Penn. Coal Co. v. Delaware &c. Canal Co., 3 .Abb. Ap. 470; Davis v. Morris, 36 N. Y, 563). But the right may be waived by not objecting (Barlow v. Scott, 24 N. Y., 40; West Point Iron. Co. v. Reymert, 45 Id., 703).
In Hudson v. Caryl (44 N. Y. 553), the action was to abate a nuisance and for damages, and it was objected that it was triable by a jury. The objection being overruled, it was tried by the court without a jury. On appeal the court recognized so much of the action as related to abating the nuisance as being of exclusive equitable cognizance, but as, under the code, a legal can be united with an equitable cause of action, the court held, that as the claim for damages could be united in the action, that issue should have been sub mitted to a jury.
In Colman v. Dixon (50 N. Y, 572), the action was *236 to restrain the use of a trade-mark and for damages, and defendant applied for issues to be tried by a jury. This was denied on the ground, that the denial of the motion did not deprive the party of his right to a jury trial, if he had such right. At the trial he could move for such a.trial, and the refusal to grant the motion would be error, if the constitutional right existed.
The right, however, may be waived by failing to appear at the trial, or by omitting to object at the trial; but if the objection is taken, and the case is one in which a jury trial has been heretofore used, it must be so tried.
The constitutional provision is necessarily, I think, restricted to actions. The language is, the trial by jury “ in all cases” in which it has been heretofore used ; and I am not aware that at any time it was the. practice of the courts to send disputed questions of fact arising upon a motion to a jury for trial. Such questions were always determined by the court, or, under the authority of the statute, sent to are feiee to take and report the proofs (Code, § 271, Sub. 3). And even where the issue was such, that in an action the court could neither try or refer, it could do either when the question arose upon a motion.
As has already been said, motions are chiefly addressed to the equity side of the court; few are founded upon absolute right; and courts of equity have always when it saw fit, determined questions of fact without the aid of a jury. And its power to do so has not been disputed.
It can not, therefore, be said, that motions or any of the questions of fact arising upon motions, are “cases” in which the trial by jury was heretofore used; and, hence, they are not within the constitutional provision.
The power of the court was intended to be full, and very properly should be exercised in a summary man *237 ner. The performance of the various professional duties of an officer of the court' should be rigorously enforced, and by means adequate to the end to be accomplished. This is due not only to the rights and interests of clients, who have confided in the integrity and skill of their attorney, but it is also due to the dignity and well being of the profession, and to the respect for the orders and decisions of the bench, which the court has the right to insist upon and require.
It was in view of this duty, that the court has always proceeded in a summary manner against an attorney, who has neglected or refused to pay over his client’s money.
But, as has already been said, the cases (and they are not many) do not show that there was any such dispute or issue raised between the attorney and client, as is raised in this case.
I have examined the cases cited by the respondent’s counsel, and none of them involved a disputed question of fact arising upon the assertion of a special agreement. They either involved the character in which the attorney acted, or the value or rate of his compensation which could be ascertained by a mere taxation. They all assert the power of the court to deal summarily with its attorneys; but in none of them, was there an agreement alleged, which fixed and determined the measure of compensation. They were cases arising in the English courts, or in this State before the code, and could not, therefore, have involved a question under a contract, made valid by the code, which was invalid before. Thus in (Merrit v. Lambert, 10 Paige, 352), the special agreement set tip by the solicitor was held to be void, and therefore, presented no issue upon it. And a like decision" was made in Matter of Bleakley (5 Paige, 311).
As the law existed at the time those decisions were made, the court determined as matter of law, upo *238 n undisputed facts, that the alleged agreements could not be sanctioned by the court, as they tended to champerty and maintenance.
Those cases therefore do not reach the question before us, where, if the agreement is proven, it must be sanctioned by the court; and where the vital question is, Does such an agreement exist ?
The ground upon which the court placed its decision in Ackerman v. Ackerman (ubisup.), was that the power which the court exercises in the matter of an attorney’s lien is an equitable one, in which the aid of a jury is not necessary and can not be demanded as a matter of right. In that case, however, it did not appear that any special agreement respecting the attorney’s compensation was alleged, or that the objection was taken to the matter being tried by the coart. But upon the general power of the court to entertain the motion, the decision is explicit, as well as that there is no right of trial by jury.
In two English cases the court refused to try on a motion of this nature, a disputed question of fact. In Hudson v. Terrall (2 Dowl. O. S. 264), the motion was for the attorney to show cause why he should not pay over Ms client’s money, and the client averred that he had a special agreement with the attorney fixing Ms compensation. This the attorney denied, and the court (Bayley B.) say : “I think we can not interfere. You must go before a jury who will be competent to decide whether there was such an agreement.” In the other case (Beal v. Langstaff, 2 Wils. 371), the motion was to require an attorney to perform a parol promise to indemnify bail, and the court say: “ This is only a breach of a parol promise, and we can not interfere in a summary way.”
One or two cases in this State indicate opinions which are claimed to be favorable to the objection of the attorney in this case.
*239 The power of the court (which, however, is firmly upheld) it is claimed is qualified in Bowling Green Sav. Bank v. Todd (52 N. Y. 489), and must be deemed to be limited by the decision, to matters as to which there is no dispute as to the facts. The court say (p. 493) “ the practice in this State has been uniform to allow au attachment when the attorney retains money in his hands that justly belongs to his client.” But there the court determined, as a matter of law, upon undisputed facts, as in Merritt v. Lambert. (ubi sup.), that the lien which the attorney claimed did not exist. And now the converse is claimed, that if the facts had been in dispute, the court would not have entertained the motion.
In Haight v. Holcomb (16 How. Pr., 173) the defendant moved to set aside an execution on the ground that the judgment was settled. The execution was issued by the attorney for his costs. In the course of the opinion the court say: “ Should there be a dispute between the attorney and his client, as to what the agreement was, and to what amount it extended, I know of no short remedy to which an attorney is entitled, by which to avoid settling that dispute in the usual way, and by the usual tribunals.”
And in Fox v. Fox (24 How. Pr. 409) the motion was to compel the plaintiff to pay his attorney and counsel, and a special promise was alleged (but which was denied), under which the services were rendered. And it was objected that the court could not, upon a motion, determine the question. The court.say: “If there be no short way of accomplishing this, there remains the usual way by direct action for that purpose. Indeed this seems to me the true mode of proceeding, .when there is a dispute as to what the contract is, or in regard to the amount which the attorney is' entitled to demand under it, and also where the amount of compensation is by express agreement *240 made to depend on the value of the services, and is unliquidated.’’
None of these cases, however, assert an absolute right of trial by jury. Sitting as a. court in the exercise of its equity powers, it had the right to refuse to enter tain the motion, and to put the applicant to his action, when the disputed question could be determined by a jury. In. the same manner, a court of equity may try any question of fact arising in an equity action ; or it may upon motion and framed issues send it to a jury. And J do not understand any of the cases as deciding otherwise than that it rests in the sound discretion of the court, whether it will entertain a motion of this nature, where a question is at issue, which it is claimed by one or both of the parties, should be tried by a jury. And that is the extent of the meaning of the judges in the cases I have cited. In their judgment they were proper cases for a jury. And the judge who decided this case at special term, could have said the same, and sent the plaintiff to her action, and a jury. And such disposition of the matter would not have been disturbed.
But it does not follow, from any of the cases, and no such opinion is intimated, that there was any such right of a jury trial, as would deprive the court of its jurisdiction to entertain the motion.
The power which a court has over its officers is to prevent them from, or punish them for committing acts of dishonesty or impropriety, calculated to bring contempt upon the administration of justice (In re Paschal, 10 Wall, 483). In that case the court say, the ground of the jurisdiction thus exercised is the alleged misconduct of the officer. The question is not merely whether the attorney has received the money, but whether he has acted improperly and dishonestly, in not-paying it over. “If no dishonesty appears, the party will be left to his action.” The motion, as in this case, was to compel the attorney to pay over the *241 money, and the attorney set up his lien for compensation. In denying the motion, Justice Bradley placed the decision upon, the ground that the attorney had the right to retain the money, if he had a fair and honest set-off; and that in retaining the money for the' purpose of procuring a settlement of his claim, he had done nothing to call for the summary interposition of the court.
. In that case, however, the power to entertain these motions is again fully recognized. But the court, in the exercise of its equity powers, admitting the justice of the attorney’s claim, refused to try the question of his lien, on the motion, and put the party to his action. Hot, however, as a matter of right, but as being a proper mode of determining the dispute in that case. '
The whole question resolves itself into this : First, can the court exercise summary authority over its attorneys, to compel them to pay over the money of their clients ? And, Second, can it, upon the motion, try any disputed question of fact, arising between an attorney and his client %
The first is determined by the large and uniform practice of the courts. And the second, by the consideration of the single question, whether it is a ease in which the trial by jury was heretofore used ?
The answers to these questions are adverse to the objection in this case.
The motion was addressed to the judicial discretion of the court below. We can not say, if we were now entertaining the motion and not reviewing the order, that we should not have felt constrained to have sent the plaintiff to her action, that the facts might go before a jury. But a mere, difference of views on that subject is not ground for reversal of the order made.
There has been no abuse of discretionary power.
Although the statute, under which this proceeding
is had, is designed to punish attorneys for any mis *242 behavior in office, or willful neglect or violation of duty, or disobedience of the process or lawful order of the court,—rand the punishment may be a fine or imprisonment or both, as the nature of the case may require and although the severity with which the courts may deal with its officers, to punish them for the offenses enumerated in the statute, which is not restricted to a fine and imprisonment only, but may also be by removal from office (Matter of Bleakly, 5 Paige, 311), requires that all the constitutional rights of an attorney should be carefully guarded and protected ;—and although such, protection in due to him, not only nor so much, that his personal liberty may be imperiled, as that the charge involves his personal integrity and "honor, and is calculated to deprive him of his clients, of the respect of his associates, and of the confidence of the court; yet the mode adopted upon this motion was not calculated to jeopard any of such legal rights, but was probably a more satisfactory manner of settling his differences with his client, than it would have been to have sent the case before a jury, whilst it also afforded him every reasonable protection against the penalties which the statute was intended to inflict.
If in answer to the claim of the dienta defense was interposed which if sustained would justify the attorney in withholding his client’s money, the court, until his claim upon it. has been properly investigated and determined, would not invoke the power of the statute. And if, upon such investigation, the claim was found to be just, the court will protect the attorney and exempt him from the penalties of the statute.
The question is new, necessarily new, from the novel provision of the code which allows of an agreement to fix the measure of an attorney’s compensation, and which may be at an agreed sum, or contingent upon success.
In the cases where the courts have proceeded sum *243 marily, the defense tó the motion"!)as been held insufficient in law, and the fact presented in this case has not arisen. There being no question in dispute, no constitutional right or otherwise of the attorney was violated in entertaining and determining the motion at special term.
But in this case, the constitutional right to have the fact which is alleged in answer to the plaintiff’s application determined by a jury, is sufficiently and properly raised.
But, for the reasons stated, it is not well taken.
There is no allegation or charge anywhere in the papers, which impugns the integrity, professional conduct, or skill of the plaintiff’s attorney and counsel. His claim to compensation is one recognized by law, and he was justified in withholding the money collected on the judgment, until his claim to compensation was allowed by his client, or disallowed by the courts. Ami the only question that has entered into the controversy, has been, as to the mode of trying the question.
The order appealed from must be affirmed, with costs.
Freedman, J., concurred.