FREDERICK B. SWIFT, APPELLANT, *v.* JOHN S. PROUTY, RESPONDENT.

*Judgment — when one judgment not set off against another.*

A sued B and recovered judgment. B then sued A, and B employed the same attorney who had appeared for him in the first action to prosecute the second, with the agreement that such attorney should be paid for the services rendered in the first action, and those to be rendered in the second action, out of the recovery in the second action. In the suit against A, B's attorney ascertained the amount in which the referee would report in favor of B, and, just before the entry of the judgment on such report, took a parol assignment of the claim against A in full for his services, he agreeing to pay assistant counsel. *Held*, in the absence of collusion, that A was not entitled, *on motion*, to have his judgment set off against the judgment recovered against him by B.

Whether, if an action was brought to set off the judgment it could be maintained, *quære.*

APPEAL from an order made on motion at the Special Term setting off a judgment recovered by the defendant against the plaintiff, against one recovered by plaintiff against the defendant.

*J. E. Cary* and *Alvin Burt*, for the appellant.

*Davis & Lyon*, for the respondent.

BRADY, J. :

John S. Prouty recovered a judgment against Frederick B. Swift on the 16th of January, 1868, in the Superior Court of the city of New York for the sum of $3,676. Appeals were taken to the General Term and to the Court of Appeals, and the judgment was affirmed, though with a modification in the latter court. The final judg-

ment was entered on the 27th of March, 1873. Alvin Burt was the attorney for Swift in the action in all the various proceedings had therein, but received no payment for his services except as hereinafter mentioned. After the recovery of the judgment stated, and on or about October, 1868, Swift commenced an action against Prouty for professional services rendered, and on the 10th of November, 1870, a judgment was entered against Prouty for $863.92. Appeals were taken to the General Term of this court, in which the action was brought, and to the Court of Appeals. The judgment was affirmed by both tribunals. After the commencement of the latter, which is this action, Swift, inasmuch as he had paid Burt nothing for his services, agreed with him that he would pay him out of the proceeds of his claim herein. The agreement, as stated by Burt, is as follows: That it had been agreed between him and Swift, immediately after the commencement of this action, that he should be paid for his services, in the case in the Superior Court, out of the proceeds of the recovery in this action, and that such agreement grew out of one fact among several, namely, that Swift was without means. In consequence of and pursuant to this understanding, Burt gave his attention to both actions, and in this one paid the referee's fees, retained the counsel associated with him on the trial and argument of the appeals, and assumed generally the burden and responsibility of this litigation. It also appears that after Burt ascertained the amount which would be reported due to Swift by the referee, and before judgment was entered upon the report, he agreed with Swift to take an assignment of the claim in full for his services in both actions; also to pay J. E. Cary, Esq., for his services in assisting at the trial, and to argue the Superior Court case before the Court or Commission of Appeals without extra charge, Swift agreeing however to pay his expenses to and from Albany, in case the Court of Appeals should be sitting there when the appeal was argued. This arrangement was consummated verbally, and it was, as we have seen, in accord with the original agreement by which Burt was to be compensated by payment out of the proceeds of the recovery in this action. The amount reported by the referee was not, it would seem, sufficient to pay the value of the services of Burt. This agreement was prior to the decision of the Court of Appeals rendered in the

Superior Court case, and, as already suggested, prior to the judgment herein upon the report of the referee. Upon these facts the defendant, Prouty, sought to set off his judgment against that of Swift, and to accomplish it by motion. He succeeded in the court below. Was the order made, correct, and should it be sustained? This is the question presented. The attorney is no longer prevented from making an agreement for his compensation with his client, and he may stipulate for a share of the proceeds of the action. The measure of compensation shall be left to agreement, express or implied, of the parties. (Code, § 303; 1 Wait's Pr., 245, 246; *Rasquin* v. *Knickerbocker Stage Co.*, 12 Abb., 324; *Rooney* v. *Second Avenue Railroad Co.*, 18 N. Y., 368; *Fitch* v. *Gardenier*, 2 Keyes, 516.) And the arrangement between Swift and Burt was legal and binding. To the extent of his claim the recovery in this action was subject to his lien thus acquired (*Marshall* v. *Meech*, 51 N. Y., 143), and no intervening equity or claim of which we are advised could destroy it. His services secured the success of the claim herein, and his rights attached and became absolute as soon as the judgment was entered. (*Marshall* v. *Meech*, *supra*.) They were the cause of establishing the demand which was to be applied to the payment of other services rendered, and the lien thus acquired is within the provision of the Code, *supra*, and of the adjudged cases in relation to attorney's liens. (Citations *supra;* see, also, cases collected, 3 Wait's Pr., 542, 543; *Adams* v. *Fort Plain Bank*, 23 How., 45.) The attorney is still to be regarded as the equitable assignee of the judgment to the extent of his claim for services in the action. (*Rooney* v. *Second Avenue Railroad Co.*, *supra;* *Marshall* v. *Meech*, *supra*.) This result is predicated of the original agreement, but before the judgment was entered in this action, and while the report was still in the hands of the referee, Burt became the assignee of Swift and the owner of the whole claim. The consideration was the discharge of an existing indebtedness, the payment of the referee's fees, and the further payment of the counsel who assisted at the trial on behalf of Swift. The assignment was not collusive. There is no pretense that it was, and it was valid. (*Roberts* v. *Carter*, 38 N. Y., 107.) When the judgment was entered the right of set-off did not exist in favor of Prouty. Swift was not the owner of it. He had

no interest in it. The agreement by which Swift was divested of all ownership was made while the claim was undecided, and was absolute unless it exceeded in amount what would be due to Burt for his services in the Superior Court case. There was no such excess. If it were held otherwise, the statute referred to, authorizing agreements to be made between attorney and client, would be nugatory. If the agreement be binding the fund is at once impressed with the lien created, and bears the burden to the end if not released. Burt obtained, by the agreement and assignments, both of the report and the referee, only what he was to receive when his labor was sought and secured. He should not be prevented from enjoying it. It might be necessary to consider whether in any form of procedure the judgments could be set off in a case like this with due reference to the Code, section 303 (*supra*), but it is unnecessary. The defendant, Prouty, asks to have it done by motion, and the question whether the court should protect the attorney's lien, when it is presented on such an application, is not open to discussion. The courts have recognized a distinction between an action and a motion for the purpose of setting off judgments. (*Martin* v. *Kanouse*, 17 How., 146.) The order appealed from should, for the reasons assigned, be reversed with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, with costs.