MAJOR and Another *v.* McLESTER.

MAJOR
v.
McLESTER.

4  591
149  638

The plaintiffs sued the defendant upon a special agreement, and also upon a *quantum meruit*, for services rendered by them as attorneys at law. The evidence showed that the plaintiffs had agreed with the defendant to commence and prosecute a suit for her to set aside a deed executed by her to one *A.*, and that if the deed should be set aside she was to pay them for their services 150 dollars, but if it should not be set aside, she was not bound to pay them anything. The plaintiffs had accordingly commenced and prosecuted the suit, and the Court upon the final hearing set aside the deed as to part of the property conveyed by it, but confirmed it as to the residue. *Held,* that the defendants could not recover anything on a count upon the special agreement; but that, upon the *quantum meruit,* the plaintiffs were entitled to recover an amount equal to the benefit received by the defendant from their services, not exceeding the sum agreed upon for an entire performance of the contract.

ERROR to the *Dearborn* Circuit Court.

DAVISON, J.—Assumpsit by the plaintiffs in error against the defendant for services rendered by them as attorneys at law. The declaration contains three counts—a count upon a special contract, on a *quantum meruit*, and upon an account stated. Plea, *non assumpsit*.

Saturday,
December 31.

The cause was submitted to the Court by consent. The Court found for the defendant. Motion for a new trial overruled, and judgment on the finding of the Court.

The evidence is set out in the record. It shows that it was agreed between the plaintiffs and the defendant that they were to commence and prosecute, in her behalf, a suit in chancery. The object of the suit was to set aside a deed executed by her to one *Susan Ward*. The agreement stipulates that if said deed was set aside, for their services in this suit she was to pay them 150 dollars; but if it was not set aside, she was not bound to pay them anything. The proof was, that pursuant to said agreement, they commenced and prosecuted such suit to final decree in the Circuit Court and final decision in the Supreme Court; that the deed, as to part of the property which it conveyed, was set aside, but confirmed as to the

residue. The value of the land recovered by the suit was 400 dollars; the remainder, as to which the deed was sustained, was worth 700 dollars. The defendant is in the use and possession of the premises, and the services of the plaintiffs, in the prosecution of the suit, were reasonably worth 75 dollars.

The avoidance of the deed to *Susan Ward* was evidently a condition precedent. Until that act was done, the plaintiffs could not recover for their services the sum stipulated in the agreement. The deed in part was set aside, but that was not a performance of the condition. "An agreement must be performed according to its terms as understood and assented to by the parties." Story on Cont. 404. The expressions used in the contract, viz., "if the deed was set aside," must be construed to mean the avoidance of the whole deed. This was the plain and obvious intention of the parties. It follows that there can be no recovery on the special count.

But it is said that the plaintiffs are entitled, on the *quantum meruit*, to recover an amount equal to the benefit received by the defendant from their services, not, however, to exceed the amount agreed on for an entire performance of the contract. This position is well taken. It is in accordance with the principle laid down in *Lomax* v. *Bailey*, 7 Blackf. 599, and adhered to by repeated adjudications of this Court. It is thus stated: "Where one one party to a special entire contract has not complied with its terms, but professing to act under it, has done for or delivered to the other party something of value which he has accepted, no action will lie on that contract for the work done or thing delivered; but the party who has been thus benefited by the labor or property of the other, shall be responsible on an implied promise arising from the circumstances, to the extent of the value received by him." In the case before us, the plaintiffs acted under the special contract. Their services were of substantial benefit to the defendant. She recovered real estate worth, at least, 400 dollars, and is in the possession and use of it. Under the circumstances of this case, it

would be unjust that she should enjoy property acquired by their services, without rendering a compensation.

We think that the plaintiffs, under the count upon a *quantum meruit*, are entitled to recover. *Coe* v. *Smith*, Administrator, *ante*, p. 79.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. S. Major* and *A. Brower*, for the plaintiffs.

*E. Dumont*, for the defendant.