(Decided 1st July, 1890.)

---

The Western Union Telegraph Company *vs.* John E. Semmes and Frank P. Clark. John E. Semmes and Frank P. Clark *vs.* The Western Union Telegraph Company.

*Contract for Contingent fee between Attorney and Client—Prevention of its Performance by act of Client—Measure of Recovery.*

Certain attorneys were employed by a telegraph company to institute proceedings to recover certain property, or its value, and an agreement was made by which their compensation was to be one-sixth of the value of the company's interest in said property that should be recovered. In pursuance of this employment, proceedings, by a bill in equity, were instituted. The bill was dismissed, and from the decree of dismissal an appeal was taken. Pending the appeal the telegraph company purchased all the property and interests which were in litigation. This fact being made known to the Court of Appeals, the decree appealed from was necessarily affirmed. In an action by the attorneys against the telegraph company, it was HELD:

That the plaintiffs were entitled to reasonable compensation for the services actually rendered, but could not recover the contingent fee agreed to be paid.

CROSS-APPEALS from the Superior Court of Baltimore City.

This was an action of *assumpsit* upon the common counts, and two counts on a special contract, brought by John E. Semmes and Frank P. Clark against the Western Union Telegraph Company, and was tried before the Court without the intervention of a jury. The case is stated in the opinion of the Court.

*Defendant's Exception.*—The plaintiffs offered the three following prayers:

1. The plaintiffs pray the Court to rule as a matter of law, that if the Court, sitting as a jury, shall find that the defendant in or about the month of June, 1884, employed the plaintiffs to prosecute a suit against the Baltimore and Ohio Railroad Company for the purpose of obtaining, among other things, possession of the physical structure of the line of telegraph and its appurtenances, claimed in that suit to belong to the Western Telegraph Company of Baltimore City, or the value thereof, and shall further find that at the time of such employment the defendant was the owner of eight hundred and ninety shares of the capital stock of the said Western Telegraph Company of Baltimore City, out of a total issue of seventeen hundred and forty-six shares, and shall further find that the said defendant agreed to pay the costs of said litigation, and to pay the plaintiffs a sum equal to sixteen and two-thirds per cent. of whatever amount the defendant should receive as a result of the recovery of the said physical structure, or its value, and by virtue of its holding of the said eight hundred and ninety shares of stock of the said Western Tele-

graph Company of Baltimore City, and shall further find that the said plaintiffs prosecuted the said suit, without fault or neglect on their part, and that while the said suit was pending before the Court of Appeals of Maryland, the defendant, without the consent of the plaintiffs, purchased said physical structure or line of telegraph, by virtue of the agreement of October 15th, 1887, between the defendant and the said Baltimore and Ohio Railroad Company, and through its attorneys, Messrs. Dillon and Swayne, sent the telegrams offered in evidence, and shall further find that by reason of the said telegrams the said Court of Appeals of Maryland failed to consider the question as to whether or not the Western Telegraph Company of Baltimore City was entitled to recover the value of the said physical structure, then the plaintiffs are entitled to recover in this case.

2. If the Court finds the facts set out in the first prayer, and also that the plaintiffs were, by the action of the Western Union Telegraph Company aforesaid, prevented from having determined whether they would recover from the Baltimore and Ohio Railroad Company the value of said physical structure, and the Court should further find that the uncontradicted testimony in the case, conducted by the plaintiffs, placed a value of one hundred thousand dollars upon said physical structure, then and in that event the plaintiffs are entitled to recover eight thousand four hundred and nine dollars, that amount being the one-sixth or sixteen and two-thirds per cent. of the interest of the defendant in the value of said physical structure so attempted to be recovered in said suit, with interest thereon from January 1st, 1878.

3. If the Court finds the facts as stated in the first prayer, and should hold that the plaintiffs are not entitled to recover under the agreement given in evidence,

Western Union Telegraph Co. *vs.* Semmes and Clark.

but are entitled to a *quantum meruit*, in that event the plaintiffs are entitled to the sum of $5,000.00, said defendant having admitted that if said plaintiffs are entitled to any amount on a *quantum meruit*, said amount is a reasonable fee for work or labor performed in said cause.

And the defendant offered the two prayers following:

1. The defendant prays. that if the Court shall find that the defendant made the agreement with the plaintiffs, which is set forth in the additional count, first added by amendment to the declaration of the plaintiffs, and shall further find that the plaintiffs, at the request of the defendant, and of the Western Telegraph Company of Baltimore City, engaged in pursuance of said agreement, in the conduct of the suit of the Western Telegraph Company of Baltimore City against The Baltimore and Ohio Railroad Company and others, in the Circuit Court of Baltimore City, the record of which case has been given in evidence in this cause, and shall further find that after a decree was entered dismissing said bill without prejudice to the rights of the Western Telegraph Company of Baltimore City, if any, against the defendants to said suit, or any of them in said cause, an appeal was prayed in said cause by the said complainant from said decree; and that the defendant entered on or about October 15th, 1887, into the agreement with the Baltimore and Ohio Railroad Company, afterwards perfected by the agreement of April 20th, 1889, between the same parties, which agreements have been given in evidence in this cause; and that the said The Western Telegraph Company of Baltimore City, continued, through the plaintiffs, to prosecute its said appeal; and shall further find that the decree of the Circuit Court of Baltimore City, dismissing the bill of complaint in said cause, without prejudice to the rights of the Western Telegraph Company of Baltimore City, if any, against

the defendants in said cause, or any of them, was, after said October 15th, 1887, affirmed by the Court of Appeals of this State; and shall further find that the plaintiffs have not recovered any property under said agreement made between the plaintiffs and defendant, by means of said suit in the Circuit Court of Baltimore City, or otherwise, belonging to the complainant in that suit, or in which the defendant in this suit had an interest, that then the defendant prays that the Court shall determine that the plaintiffs are not entitled to recover in this cause, because there is no evidence in this cause that the defendant wrongfully prevented the plaintiffs from prosecuting in said Circuit Court of Baltimore City, or in said Court of Appeals, or otherwise, any claim of the Western Telegraph Company of Baltimore City, for the materials, or value of the materials, constituting part of the telegraph line originally belonging to the Western Telegraph Company of Baltimore City, which had been originally erected on the right-of-way of said Baltimore and Ohio Railroad Company, or elsewhere, as shown by the evidence in this cause.

2. The defendant prays that if the Court shall find that the defendant made the agreement with the plaintiffs, which is set forth in the additional count, first added by amendment to the declaration of the plaintiffs, and shall further find that the plaintiffs, at the request of the defendant, and of the Western Telegraph Company of Baltimore City, engaged, in pursuance of said agreement, in the conduct of the suit of the Western Telegraph Company of Baltimore City against the Baltimore and Ohio Railroad Company and others, in the Circuit Court of Baltimore City, the record of which case has been given in evidence in this case; and shall further find that after a decree was entered, dismissing said bill, without prejudice to the rights of the Western Telegraph Company of Baltimore City, if any, against the

defendants to said suit, or any of them; and that an appeal was prayed in said case by the complainant therein from said decree, and that the defendant entered on or about October 15th, 1887, into the agreement with the Baltimore and Ohio Railroad Company, afterwards perfected by the agreement of April 20th, 1889, between the same parties, which agreements have been given in evidence in this cause; and that the said The Western Telegraph Company of Baltimore City continued, through the plaintiffs, to prosecute its said appeal; and shall further find that the decree of the Circuit Court of Baltimore City, dismissing the bill of complaint in said cause, without prejudice to the rights of the Western Telegraph Company of Baltimore City, if any, against the defendants in said cause, or any of them, was, after said October 15th, 1887, affirmed by the Court of Appeals of this State; and shall determine that the plaintiffs could have recovered no property in which the defendant had an interest under said agreement, made between the plaintiffs and defendant in said suit, in the Circuit Court of Baltimore City, or on the appeal from the decree in said cause, or otherwise, except its interest in the material belonging to the Western Telegraph Company, on the expiration of the charter of the Western Telegraph Company, which constituted all the parts of the line of telegraph which was the subject of litigation in said suit in the Circuit Court of Baltimore City; and that if the Court should find that the defendant wrongfully prevented the plaintiffs from recovering said interest in said material, or its value in said suit, or on the appeal taken therefrom, then the plaintiffs are only entitled to recover the amount of the percentage fixed by their agreement with the defendant, upon the market value which such material would have possessed on the expiration of the charter of the Western Telegraph Company, on February 4th, 1877, if this structure, of which such materials

formed a part, had been taken apart, and had been at the expiration of the charter of the Western Telegraph Company, removed from the right-of-way of the Baltimore and Ohio Railroad and its connecting roads, upon which such structure had formerly stood, together with interest upon such percentage of· value in the discretion of the Court, not exceeding interest on such percentage from the date of the expiration of the charter of the Western Telegraph Company.

The Court (HARLAN, J.) granted the first prayer of the plaintiffs, and ruled as matter of law, that the plaintiffs were entitled to recover in this cause, if the Court should find the facts set forth in said prayer, and rejected the second prayer of the plaintiffs, and granted the third prayer of the plaintiffs, and ruled as matter of law that the plaintiffs were entitled to recover on a *quantum meruit*, if the Court should find the facts referred to and set forth in said third prayer of the plaintiffs, and rejected both prayers of the defendant refusing to rule, as matter of law, that if the Court should find the facts set forth in said defendant's first prayer, the plaintiffs were not entitled to recover in said cause; and refusing to find, as asked by said defendant's first prayer, that there was no evidence in the cause that the defendant wrongfully prevented the plaintiffs from prosecuting in said Circuit Court of Baltimore City, or in said Court of Appeals, or otherwise, any claim of the Western Telegraph Company of Baltimore City, for the materials, constituting parts of the telegraph line, originally belonging to the Western Telegraph Company of Baltimore City, which had been originally erected on the right-of-way of the said Baltimore and Ohio Railroad Company, or elsewhere, as shown by the evidence in this cause, and refusing to rule, as a matter of law, that if the Court should find the facts set forth in the defendant's second prayer, the right of the plaintiffs to recover was limited

to the extent and amount set forth in said second prayer of the defendant.

The defendant excepted, and the verdict and judgment being against it, appealed.

*Plaintiffs' Exception.*—The plaintiffs offered the following prayer:

If the Court finds the facts set out in the first prayer of the plaintiffs, and also that the plaintiffs were, by the action of the Western Union Telegraph Company aforesaid, prevented from having determined whether they would recover from the Baltimore and Ohio Railroad Company the value of said physical structure, and the Court should further find that the uncontradicted testimony in the case conducted by the plaintiffs, placed a value of one hundred thousand dollars upon said physical structure, then and in that event the plaintiffs are entitled to recover eight thousand four hundred and nine dollars, that amount being the one-sixth or sixteen and two-thirds per cent. of the interest of the defendant in the value of the said physical structure so attempted to be recovered in said suit, with interest thereon from January 1st, 1878.

The Court rejected the said prayer of the plaintiffs, refusing to rule, as matter of law, that if the Court should find the facts in said second prayer referred to or stated, that the plaintiffs were entitled to recover, as was in said prayer claimed.

The plaintiffs excepted, and the verdict and judgment being for less than their claim appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*John E. Semmes,* and *John N. Steele,* for Semmes and Clark.

Western Union Telegraph Co. *vs.* Semmes and Clark.

*Wager Swayne,* and *Charles J. M. Gwinn,* for the Western Union Telegraph Company.

BRYAN, J., delivered the opinion of the Court.

John E. Semmes and Frank P. Clark obtained a judgment in the Superior Court of Baltimore City, against the Western Union Telegraph Company. Both parties have appealed to this Court. We will state such of the facts as we deem material to the decision of the questions before us. In the year 1877, the Western Telegraph Company of Baltimore City filed a bill in equity against the Baltimore and Ohio Railroad Company. No proceeding was taken under this bill in behalf of the complainant. · Afterwards the plaintiffs in this suit, who are attorneys at law, were employed by certain stockholders in the said Telegraph Company, who held a minority of the shares of stock, to represent them in the suit; and they were also employed by the defendant, who held a majority of the shares of stock. An amended bill of complaint was filed in 1885, by the Western Telegraph Company of Baltimore City, and the defendants were the Baltimore and Ohio Railroad Company, the Western Union Telegraph Company and other parties. The object of the amended bill, as stated on its face, was to establish the absolute right and title of the complainant to certain telegraph wires, poles, and all their appurtenances, which had been erected on the line of the Baltimore and Ohio Railroad Company ; and also to establish its right to maintain said wires, poles, and their appurtenances as telegraph lines ; and to use and operate them as such ; and also to obtain an account from the Baltimore and Ohio Railroad Company of the sums of money, which it had received for the transmission of messages over said telegraph lines. The prayers for relief were adapted to these ends.

The defendant in this suit agreed to pay the plaintiffs as a contingent compensation, one-sixth of the amount which should be recovered for it, as a holder of the stock of the Western Telegraph Company of Baltimore City.   The suit of this last mentioned corporation was prosecuted against the Baltimore and Ohio Railroad Company and others until it was dismissed with costs, without prejudice.   With the consent and approval of the defendant in the present suit, an appeal was taken to this Court; but before the cause was reached for argument, it purchased from the railroad company all the property and interests which were in litigation.   This, transaction being made known to this Court, inasmuch as no controversy any longer existed, an affirmance of the decree below was a necessity.  69 *Md.*, 211.   The plaintiffs contend that inasmuch as they were ready and willing to prosecute the suit to a successful conclusion and were prevented by the act of the defendant, they are entitled to the contingent compensation.   It was not stated to the Court in the appeal which we have just mentioned, but it appears from the evidence in this case, that when the purchase was made from the Baltimore and Ohio Railroad Company, it was agreed that the suit of the Western Telegraph Company of Baltimore City, should be dismissed.   We do not regard this agreement as very material to any question here, as with or without such a stipulation the controversy was at an end.   Undoubtedly this defendant had the right to settle its suit whenever it saw fit; it has not been contended that it was obliged to carry on the litigation for the benefit of its counsel.   And yet it must fulfil all the responsibilities arising from its contract with them.   Where there is a contract for building a house or doing other work, and the plaintiff, being ready and willing to do the work, is wrongfully and improperly prevented by the defendant from completing it, he may certainly re-

cover as damages the difference between the contract price and the cost of doing the work when this cost can be definitely computed; and the circumstances of the case may sometimes authorize additional damages. This was the view of the Supreme Court of the United States in *Philadelphia, Wilmington and Baltimore Railroad Co. vs. Howard,* 13 *Howard,* 344. But there is great difficulty in applying this principle to a contract for professional services, where the compensation is to be paid contingently on the successful prosecution of a suit. The law favors the settlement of litigation.. We should be most reluctant to say that public policy would sustain a contract, whereby a litigant should put it out of his power to compromise his suit according to his own wishes or interest. But in this case the contract in question does not admit of any such construction. There is nothing in its terms which interferes with the defendant's unlimited control over its own litigation. Nor have we the means of ascertaining whether the plaintiffs would have brought the suit to a successful issue, if it had not been settled. That could be shown with legal certainty only by the judgment of the tribunal charged with the decision of the case. It is nothing to the purpose that the record is in this Court; the question must be decided on principles which would apply to any case. The plaintiffs could not maintain their position in this regard, without showing to the satisfaction of the jury that they would have prevailed in the suit in question. Now can anything be more inconsistent with the settled principles of practice than to submit such a question to the finding of a jury? By what possible means, could they be informed what would have been the final decision in the suit? Was it within the competency of the Court below to examine the questions in the cause, and to instruct the jury authoritatively as to its result? Most certainly no tribunal had the authority to decide

this question, except this Court where it was pending; and here, it would have been decided in the orderly and becoming course of justice, after argument. by counsel, and patient study and conference on the part of the Judges. We cannot consent to introduce into trials at the bar the embarrassment and confusion, which would arise from injecting into the bosom of another suit the questions which the law requires to be settled with such careful and cautious deliberation. But the law gives the plaintiffs an adequate remedy. Although the defendant had a right to terminate the litigation, yet the plaintiffs had rendered services to it, on the faith of a contract. It was not intended by either party that these services should be. gratuitous. It is not material to inquire whether they were useful to the defendant in facilitating its settlement with the Baltimore and Ohio Railroad Company. The plaintiffs' rights do not depend upon this consideration. They had entered into a contract for services; in the prosecution of this contract they had performed work and labor, and were ready to carry it out to the end, when by the act of the other party, they were prevented from proceeding. We think that the law on this point is settled. In *Rodemer vs. Hazlehurst & Co.*, 9 *Gill*, 294, the Court, quoting from *Smith's Leading Cases*, said:

"Where there is a special contract, and the plaintiff has performed a part of it according to its terms, and has been prevented by the act or consent of the defendant from performing the residue, he may in general *assumpsit* recover for the work actually performed, and the defendant cannot set up the special contract to defeat him." To the like effect is *Bull vs. Schuberth*, 2 *Md.*, 57, where it is said: "If the special agreement has been put an end to by the defendant, or the performance of it on the part of the plaintiff prevented by some act of the defendant; in all such cases the plaintiff may resort to,

Western Union Telegraph Co. *vs.* Semmes and Clark.

and recover under the common counts, for whatever may be due for so much of the contract as may have been performed." These cases are supported by a vast amount of authority, and they announce a doctrine eminently just and reasonable. The Court below ruled that the plaintiffs were entitled to a reasonable compensation for the work and labor actually done by them ; but that they were not entitled to the contingent compensation. Without reciting the prayers on the opposite sides, it is sufficient for us to say that this ruling disposed of the case with justice to both parties.

It will be seen that we have not thought it material to discuss the questions involved in *The Western Union Telegraph Company vs. The Baltimore and Ohio Railroad Company,* 20 *Fed. Rep.,* 572. They are of considerable difficulty and nicety. Perhaps, the defendant in this case considered them doubtful; as before the employment of the plaintiffs, it had been so advised by its original counsel; and doubts on this head may have caused it to make the settlement of the case. We do not find it necessary to make more than a passing mention of the opinion of this Court when the appeal was heard. It was distinctly declared that in consequence of the settlement, all contest was ended which concerned "the material such as poles, wires, etc., originally claimed as belonging to the Western Telegraph Company of Baltimore City." 69 *Md.,* 215. After this declaration, the Court proceeded to state its opinion that because of the decision of the Circuit Court of the United States in *The Western Union Telegraph Company vs. The Baltimore and Ohio Railroad Company,* the Western Telegraph Company of Baltimore City had no right to use these poles and wires as a telegraph line.

*Judgment affirmed.*

(Decided 1st July 1890.)