## BADGER v. MAYER.

(City Court of New York, General Term.    May 18, 1894.)

Attorney and Client—Compensation of Attorney.

Where the owner of premises, in front of which an elevated railroad is constructed, employs an attorney to sue the railroad company, by injunction or otherwise, for damages to the premises, and agrees to pay the attorney one-fourth the amount recovered for his services, and during the pendency of the action he conveys the premises, so that the action abates as to the injunctive relief, the attorney is entitled to compensation for the services rendered by him before the conveyance.

Appeal from trial term.

Action by William W. Badger against Isaac Mayer. Judgment was entered on a verdict in favor of defendant, and plaintiff appeals. Reversed.

Argued before EHRLICH, C. J., and McCARTHY, J.

W. W. Badger, in pro. per.
L. S. Marx and E. C. James, for respondent.

EHRLICH, C. J. The plaintiff, an attorney at law, entered into a written contract with the defendant, the owner of a leasehold estate at 1019 Third avenue, this city, whereby the plaintiff was to

prosecute an action by injunction or otherwise against the Manhattan Railway Company to recover damages to the leasehold interest by reason of the erection and maintenance of a railway structure of the defendant; and it was agreed that the plaintiff was to receive one-fourth of the amount recovered for his services. The plaintiff thereupon brought an action against the company in the name of the defendant, in which injunctive relief and past damages were prayed for. Pending the action, and after considerable services had been performed therein, the defendant, without any notice to the plaintiff, disposed of his estate in the lands, and, as a consequence, the right to injunctive relief was destroyed. Pappenheim's Case, 128 N. Y. 436, 28 N. E. 518; Kernochan's Case, 128 N. Y. 559, 29 N. E. 65; Foote v. Railroad Co., 58 Hun, 478, 12 N. Y. Supp. 516; Filson v. Crawford (Sup.) 5 N. Y. Supp. 882. In the transfer made by the defendant no reservation was made of the existing right of action, so that the action brought in the defendant's name against the railroad company fell directly within these cases.

On the trial the plaintiff's counsel requested the trial judge to charge that the equitable cause of action against the railroad company failed when the defendant sold the property involved. The court declined so to charge, and the plaintiff's counsel excepted. Under the rulings made in the cases cited, this was error, which was not cured by anything that afterwards transpired. It is settled law that where a party prevents performance of a contract he is liable for damages legitimately flowing from the breach, and these, in this case, embraced the services which the plaintiff had rendered up to the time he was notified of the fact that the defendant had transferred his property, and that the action commenced had in consequence abated. True, the defendant did not, by the act of transfer, lose his claim for past damages; but the contract did not confine the plaintiff to that remedy alone, for it expressly provides for proceedings by injunction. Having commenced the action for injunctive relief, and the defendant, by his acts, having destroyed that remedy, he could not, without compensating the plaintiff for what he had done, compel him to bring a new action for past damages alone. That was not the agreement. And in determining the question of the breach the status of the parties at the time the contract was made fixes their rights and liabilities. For this reason the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.