French v. Cunningham et al.

## FRENCH v. CUNNINGHAM ET AL.

[No. 17,830. Filed March 8, 1898.]

ATTORNEY'S FEES.—*Action for on Quantum Meruit.*—Where the complete performance of an attorney's services has been rendered impossible, or otherwise prevented by the client, the attorney may, as a rule, recover on the *quantum meruit* for the services rendered by him. *p. 635.*

SAME.—*Contingent Fees.*—Where the compensation of an attorney is contingent on the successful result of the suit, the measure of damages is not the contingent fee, but the reasonable value of the services rendered. *p. 635.*

SAME.—*Contract for Entered Into While the Relation of Attorney and Client Existed.*—In the enforcement of a written contract of employment entered into between attorney and client after the employment of such attorney by the client, the burden is upon the attorney to show the fairness of the transaction, and that the compensation provided for in the subsequent agreement does not exceed a fair and reasonable remuneration for the services to be performed; but such contract is not void by reason of it having been entered into subsequent to an employment. *pp. 636, 637.*

WORK AND LABOR.—*Contract.*—*Breach Of.*—*Measure of Damages.*— *Quantum Meruit.*—When a person is performing services according to the contract of employment and is prevented from completing the same by the employer, in violation of the terms of the contract, the employe can recover the reasonable value of his services, not exceeding the contract price, on the *quantum meruit*, or he may sue upon the contract for the breach thereof, and the measure of damages is the amount that will compensate him for the reasonable value of his services, as well as his loss, if any, on account of not having been permitted to complete the contract. *pp. 638, 639.*

ATTORNEY'S FEES.—*Amount of Recovery in the Absence of Contract.*— In the absence of a contract fixing the amount of compensation, an

attorney is entitled to recover what his services are reasonably worth, and it makes no difference, as to this right, whether the services were successful or not, unless the attorney's want of success was caused by his negligence or bad faith. *p. 639*.

ATTORNEY'S FEES.—*Partners.—Parties.*—Where plaintiffs were engaged in the practice of law as partners and defendant engaged one of them to render services for her as an attorney the other partner has such an interest in the compensation for such services as to make him a proper party plaintiff in an action to recover such compensation. *p. 640*.

From the Marion Circuit Court. *Affirmed.*

*Alex. M. Harrison, Arthur H. Noyes, William A. Pickens* and *Linton A. Cox*, for appellant.

*W. A. Ketcham* and *Baker & Daniels*, for appellees.

MONKS, J.—This action was brought by appellees, as partners, against appellant, to recover on *quantum meruit* for professional services rendered appellant, and also to recover for money advanced by them for expenses in connection with such services. The court made a special finding of facts, and stated conclusions of law thereon in favor of appellees, and, over a motion for a new trial, rendered judgment against appellant. The only errors assigned, and not waived, are (1) that the court erred in its conclusions of law; (2) the court erred in overruling appellant's motion for a new trial.

The only questions presented by the motion for a new trial depend for their determination upon the evidence which is not in the record under the rule declared in *Campbell* v. *State*, 148 Ind. 527, and cases there cited; *Citizens Street R. R. Co.* v. *Sutton*, 148 Ind. 169, and cases cited.

It is insisted by appellant that the written contract provides for the payment of a contingent fee, and, as appellees were not successful within the time fixed, and other counsel were employed, they are not entitled to any compensation whatever.

The special finding shows that appellees, who were engaged in the practice of law as partners, were first employed in September, 1892, by appellant, to set aside, by contest or otherwise, the codicil to her father's will, her interest in such controversy being over $500,000.00, without any agreement as to the compensation to be paid, and that they were engaged in the investigation of the law and facts of the cause until February 16, 1893, when a written contract was made and signed by one of the appellees, which provided: "In case said attorney succeeds in setting aside said codicil or in obtaining such modifications thereof as may be acceptable to said Blanche W. Culbertson, without the employment by her of other counsel, then he is to receive for his services the sum of $10,000.00, whether the same be by suit or not; provided the same is finished and accepted within sixty days from this date. If at the end of sixty days from this date said attorney shall not have succeeded in setting aside said codicil or securing a settlement satisfactory to said Blanche W. Culbertson, it is understood that said time shall be extended or a new contract of employment made between the parties." After the execution of this contract, appellees continued the investigation of said cause until in April, 1893, when an action was commenced to contest the codicil of said will. Afterwards, in May, additional counsel were employed to assist appellees in said cause. On June 28, 1893, appellant by letter, dismissed appellees and afterwards would not permit them to perform or discharge any duties as attorneys in said cause, and said cause was compromised November 22, 1893, without a trial. The special finding shows that appellees were ready and willing at all times to comply with their part of the contract made when first employed, as well as the written contract of

February 16, 1893, and the only reason why they did not render any services as attorneys after June 28, 1893, was because appellant would not consent or permit them to do so.    There can be but one conclusion drawn from the facts stated in the special finding, and that is that the dismissal of appellees by appellant was without any fault on their part.

It is well settled that, where the complete performance of an attorney's services has been rendered impossible, or otherwise prevented, by the client, the attorney may, as a rule, recover on a *quantum meruit* for the services rendered by him.  *Scobey* v. *Ross*, 5 Ind. 445; *Brodie* v. *Watkins*, 33 Ark. 545; *Webb* v. *Trescony*, 76 Cal. 621, 18 Pac. 796; *Moyer* v. *Cantieny*, 41 Minn. 242, 42 N.W. 1060; *McElhinney* v. *Kline*, 6 Mo. App. 94; *Duke* v. *Harper*, 8 Mo. App. 296; *Kersey* v. *Garton*, 77 Mo. 645; *Carey* v. *Grant*, 59 Barb. (N. Y.) 574; *Badger* v. *Mayer*, 8 Misc. 533, 28 N. Y. Supp. 765; *Quint* v. *Ophir Silver Mining Co.*, 4 Nev. 304; 3 Am. and Eng. Ency. of Law (2d ed.), 425-427; Weeks on Attorneys (2d ed.), section 334.  If the compensation agreed upon is contingent on the successful result of the suit, the measure of damages is not the contingent fee, but the reasonable value of the services rendered. *Badger* v. *Mayer*, *supra; Western Union Tel. Co.* v. *Semmes*, 73 Md. 9, 20 Atl. 127; *Durkee* v. *Gum*, 41 Kan. 496, 21 Pac. 673, 13 Am. St. 300; *Polsley* v. *Anderson*, 7 W. Va. 202, 23 Am. Rep. 613; 3 Am. and Eng. Ency of Law (2d ed.), 427, 431.

*Scobey* v. *Ross*, *supra*, is cited by appellant to sustain said contention.    In that case Test and Scobey, attorneys, had a contract with the client, Nancy Ross, in which she agreed to pay them $150.00 of a judgment "when they should collect the same."  Scobey, one of the attorneys, collected $200.00 of the judg-

ment. Mrs. Ross became dissatisfied and discharged said attorneys and employed others, she then sued Scobey for the $200.00 and recovered judgment therefor. The court said "the question arises, upon what ground could Scobey retain said $200.00 or any part thereof? Supposing the contract between Mrs. Ross and Messrs. Test & Scobey valid and in force, it had not been fulfilled. The $500.00 decree had been but in part collected, and no claim for compensation arose under the agreement till the whole of said decree was collected. Supposing the contract valid, but broken and rescinded, then the claim of Test & Scobey would only be for a reasonable compensation for services actually performed, with, perhaps, damages for breach of the contract; but such compensation and damages could not be deducted in this suit, as no plea, notice, or counterclaim was filed, but the general issue simply pleaded." It is clear that in said case, if the proper pleading had been filed, that the attorneys would have been entitled to a reasonable compensation for their services in said cause in the collection of said $200.00 and damages for any breach of the contract by the client.

It is also urged that, as said written contract was entered into after appellees had been employed as attorneys, and while the relation of attorney and client existed, the same was void; that it is not only impossible to recover upon the contract, but there can be no recovery on the *quantum meruit* for services rendered under the contract. Such contracts, however, if invalid, are only presumptively so, and in such case the rule is that the burden of proof is upon the attorney to show the fairness of the transaction, and that the compensation provided for in such subsequent agreement does not exceed a fair and reasonable remuneration for the services which have been rendered,

or which it is his duty to render. *Elmore* v. *Johnson,* 143 Ill. 513, 32 N. E. 413, 36 Am. St. 401, and note pp. 413-416, 21 L. R., A. 366; *Burnham* v. *Heselton,* 82 Me. 495, 20 Atl. 80, 9 L. R. A. 90, and note; *Dickerson* v. *Bradford,* 59 Ala. 581, 31 Am. Rep. 23; *LeCatt* v. *Sallee,* 3 Porter (Ala.)115, 29 Am. Dec. 249; Weeks on Attorneys (2d ed.), sections 346, 363, 364; 3 Am. and Eng. Ency. of Law (2d ed.), 433. The rule is thus stated in 1 Story Eq., section 311: "But the burden of establishing its perfect fairness, adequacy, and equity is thrown upon the attorney, upon the general rule, that he who bargains in a matter of advantage with a person, placing confidence in him, is bound to show that a reasonable use has been made of that confidence; a rule applying equally to all persons standing in confidential relations with each other."

In *Dickerson* v. *Bradford, supra,* the court said: "Having entered upon the duties of the relation without a contract stipulating the measure of compensation, the appellee and his partner, had no other legal claim on the appellant, than the right to demand of him reasonable compensation for their services. If the contract subsequently made stipulates for a greater compensation, it cannot be supported, unless it affirmatively appears that there is an absence of undue influence, and the best evidence of its absence, would be that the attorneys gave to their client the information and advice, which it would have been their duty to give, if the client had been dealing with a stranger, conferring on him the same rights and advantages, on the same considerations, which the contract confers on them." See, also, *Judah* v. *Trustees. Vincennes University,* 23 Ind. 272, 280; *McCormick* v. *Malin,* 5 Blackf. 509, 523. The rule is, however, that when such contracts cannot be upheld and enforced that the attorney may recover the reasonable value of

the services rendered on the *quantum meruit*. *Elmore* v. *Johnson, supra; LeCatt* v. *Sallee, supra; Planters Bank* v. *Hornberger*, 4 Coldw. (Tenn.) 531; Weeks on Attorneys, section 364; 3 Am. and Eng. Ency. of Law (2d ed.), 433, and note 1. So that it is not necessary to decide whether said written contract of February 16, 1893, is invalid under the facts found, for the reason that even if it is appellees are entitled to recover on the *quantum meruit*.

The trial court in the special finding, found the reasonable value of the services rendered appellant by appellees, and stated as a conclusion of law that appellees were entitled to a judgment for that amount against appellant. Appellant insists that this was not a proper measure of recovery, but that, when an express contract has been made, but not complied with, and work has been done under it, which has been accepted and used, the measure of recovery is not the reasonable value of the work done, but the benefit which the other party received. In support of this contention appellant cites *McClure* v. *Secrist*, 5 Ind. 31; *Ricks* v. *Yates*, 5 Ind. 117; *Adams* v. *Cosby*, 48 Ind. 155; *Branham* v. *Johnson*, 62 Ind. 259; *Everroad* v. *Schwartzkopf*, 123 Ind. 35. In the cases cited the persons employed to do the work either abandoned the same before it was completed, or did not perform the same in the time or manner stipulated in the contract; in other words, they had not performed their part of the contract, but were guilty of a breach thereof, and for that reason could not recover thereon, but could only recover on *quantum meruit* under the rules laid down in said cases. See, also, *Coe* v. *Smith*, 4 Ind. 79, 82, 83, 58 Am. Dec. 618; *Major* v. *McLester*, 4 Ind. 591. This rule, however, does not apply if the party doing the work has been prevented from completing it by the other party, in violation of the contract. When the

person employed is doing the work according to contract, and is prevented from completing the same by the other party, in violation of the terms of said contract, the person so prevented from performing his part of the contract can recover the reasonable value of his work, not exceeding, however, the contract price, on the *quantum meruit*, or he may sue upon the contract for the breach thereof, and the measure of damages is the amount that will compensate him, which will include the reasonable value of his work, as well as his loss, if any, on account of not being allowed to complete the same. *Ricks* v. *Yates, supra; Richardson* v. *Eagle Machine Works*, 78 Ind. 422; *Mooney* v. *York Iron Co.*, 82 Mich. 263, 46 N. W. 376; Clark on Cont., sections 280, 281, 286; 2 Ency. of Pl. and Prac., 1010, and cases cited in note 2; 3 Am. and Eng. Ency. of Law (1st ed.), 921.

But, whatever may be the rule as to other contracts, the rule as to contracts employing attorneys is as we have shown, that if the same is broken by the client the attorney may recover on *quantum meruit* for the reasonable value of his services, or he may sue upon the contract and recover damages for its breach. 3 Am. and Eng. Ency. of Law (2d ed.), 425-427; Weeks on Attorneys (2d ed.), section 334.

In the absence of a contract fixing the amount of compensation, an attorney is entitled to recover what his services are reasonably worth, and it makes no difference, as to this right, whether the services were successful or not, unless the attorney's want of success was caused by his negligence or bad faith.

It is true, as claimed by appellant, that an attorney cannot recover for services which are absolutely useless, as held in *Hill* v. *Featherston*, 7 Bing. 569, 20 E. C. L. 304; *Sill* v. *Thomas*, 8 Car. & P., 762, 34 E. C. L. 624; *Hill* v. *Allen*, 2 M. & W. 284. This doctrine, however,

is put upon the ground that, if the attorney had possessed the proper knowledge, or had exercised the diligence required, that he would have known that the steps taken and services rendered were unnecessary and improper; in other words, in the cases cited it was held that if through ignorance, want of skill, or negligence, or all, the attorney had taken steps and rendered services that were unnecessary and entirely useless, he could not recover therefor. This is a rule that applies not only to attorneys, but to physicians, surgeons, and others whose profession, business or occupation requires skill and knowledge, and the use of care in its performance. It is not claimed, however, by appellant that appellees failed to perform any duty that was necessary to protect the interests of appellant, or that they did anything for her that was unnecessary or useless, nor is there any finding showing that appellees were lacking in skill and knowledge, or that they were guilty of any negligence in the services rendered by them.

If appellees were engaged in the practice of law as partners, and appellant employed one of them to render services for her as an attorney, the other appellee would have an interest in the compensation for such services, and under our code, in an action to recover the same, would at least be a proper party plaintiff.

Under the facts stated in the special finding appellees were entitled to a judgment against appellant for the reasonable value of the services rendered by them, as well as for the sum expended by them for expenses in connection with their employment as her attorneys. There is no available error in the record.

It is proper to say, that even if the evidence was in the record, under the law as declared in this opinion, and the settled rule in regard not to weighing the evidence when there is a conflict in the same, the con-

clusion reached would be the same; that is, that there is no available error in the record. Judgment affirmed.