ARTHUR D. HENDRIX ET AL. *vs.* EMILY U. BULL ET AL.

*Agreement to Give Part of Property Sued for—Dismissal or Compromise of Suit—Injunction.*

An agreement by a litigant to pay a percentage of any sum that might be recovered by suit or otherwise from a certain party does not operate to prevent such litigant from dismissing or compromising his suit; and the party with whom the agreement is made has no right to an injunction to restrain the carrying out of a compromise, although he may allege that it was made for the purpose of defeating his rights under the contract.

*Decided November 12th, 1909.*

Appeal from Circuit Court No. 2 of Baltimore City (GORTER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and THOMAS, JJ.

*J. Leiper Winslow* and *James Hewes* (with whom was *E. C. Carrington, Jr.,* on the brief), for the apellants.

*W. Burns Trundle* (with whom was *J. Richard Standiford* on the brief), for the appellee.

BOYD, C. J., delivered the opinion of the Court.

Fannie S. McAlister filed a bill in equity for the purpose of having a deed of trust from Mary Ida Swayne to Harrie Melvin Bull, trustee, set aside and of having certain other property declared to be that of the estate of Mary Ida Swayne. It also prayed for the appointment of a receiver.

for an accounting and for an injunction, as well as for general relief. The theory of the bill briefly stated was that Mary Ida Swayne was incapable of transferring her property and that through fraud and undue influence the defendants acquired it, although if she died intestate the plaintiff was entitled to one-half thereof as her niece. The bill was filed on June 13, 1908, and Messrs. Standiford, Sparks and Winslow signed it as her solicitors. On August 29, 1908, the plaintiff through Mr. Standiford filed a petition alleging that she never employed Messrs. Winslow and Sparks and asking that their appearance be stricken out, that they be ordered to refrain from representing her and be required to turn over to Mr. Standiford all papers and letters pertaining to the case which were in their possession. Messrs. Winslow and Sparks filed an answer alleging that Arthur D. Hendrix had employed them under a power of attorney from the plaintiff and setting up an agreement between said Hendrix and the plaintiff. The agreement and power of attorney were filed with their answer. The defendants filed answers to the bill and some testimony was taken on the part of the defendants—it being stated by counsel that it was taken out of the regular order because the witnesses were about to leave the State.

The same day Arthur D. Hendrix filed a petition in which he alleged that he and his wife had a third interest in any money or other property which might be obtained through the prosecution of the cause or any compromise thereof and referred to the exhibits already filed by Messrs. Winslow and Sparks. The petition alleges that Mr. Standiford requested and urged him to deposit $100.00 as security for costs, alleging that the plaintiff would repay him in a few days, but she had not done so and intended to defraud him of it, "and that the said Standiford when requested recently as regard to the return of this money to your petitioner stated that the suit had been settled in New York City some time during the beginning of the week of November 16th, 1908." It then alleges that said Standiford refused to state to him or the other attorneys of record any of the particulars of the al-

leged settlement and the petitioner has been unable to obtain
the particulars of the said agreement and then charged that
Harrie·M. Bull, one of the defendants, had deliberately en-
tered into an agreement with the plaintiff for the purpose of
defeating the rights of the petitioner, that the agreement was
collusive and made with the intention of defrauding the peti-
tioner out of his interest and one-third of the money or prop-
erty obtained through the prosecution· or compromise of the
case.    The petitioner then prayed that the plaintiff and de-
fendants be enjoined from carrying out that collusive agree-
ment.

An order was passed that the injunction issue unless cause
to· the contrary be shown on or before the 10th of December,
1908.

On December 2, an order was filed with the clerk direct-
ing the bill of complaint to be entered "Dismissed."    The
defendants and the plaintiff demurred to the petition of Hen-
drix.    The latter then filed a petition asking leave to amend
his former petition, alleging that he had "'just come into
possession of new facts of a highly important character, as
regards the said collusive agreement to settle the case, which
he could not possibly have gotten before this time and should
be stated in his petition," and asking that his wife be per-
mitted to join in the amended petition.    The defendants and
plaintiff demurred to that petition.    Then Messrs. Winslow
and Sparks filed a petition asking to be permitted to join
Arthur D. Hendrix in his petition to enjoin the plaintiff and
defendants from entering into a collusive agreement to settle
the case.    They filed a power of attorney from Mr. Hendrix
by which he appointed Messrs. Standiford, Sparks and Win-
slow, his attorneys, to represent him in all matters and things
relating to the claim of Mrs. McAlister against the estate of
Mary Ida Swayne and agreeing to pay them twenty-five per-
centum of "all sums recovered by suit, compromise or settle-
ment or otherwise."    Then Mr. Hendrix and wife, and
Messrs. Winslow and Sparks filed a petition in which it is

stated that the plaintiff assigned fifty per cent. of her claim against the defendants in the case to the petitioners and J. Richard Standiford and ask to be made parties plaintiff.

Demurrers were filed to these petitions and the Court sustained the demurrers and dismissed the petitions without prejudice. From the order so disposing of the demurrers this appeal was taken.

If we were compelled to pass on such an agreement as this, we would have great hesitation in sustaining it. It is practically an agreement to produce evidence which Mr. and Mrs. Hendrix say they can produce, but which Fannie S. McAlister cannot without their aid, which would cause the deed of trust to be set aside, and such an agreement is fraught with so much danger that it would behoove a Court to act with the greatest possible caution before giving its sanction to it. But while it might be an interesting subject to consider, it is not necessary in this case and hence we pass no judgment upon it.

We can have no doubt that Fannie S. McAlister had the power to compromise the case and to dismiss the bill. It was said in *Western Union Telegraph Company* v. *Semmes,* 73 Md. 9 : "We should be most reluctant to say that public policy would sustain a contract, whereby a litigant should put it out of his power to compromise his suit according to his own wishes or interest. But in this case the contract in question does not admit of any such construction. There is nothing in its terms which interferes with the defendant's unlimited control over its own litigation." That language is peculiarly apposite to this case, as we find nothing in the agreement relied on or in the proceedings which suggests that the plaintiff could not settle the case. On the contrary the agreement itself contemplates a settlement. Neiher Mr. nor Mrs. Hendrix were originally parties to the suit and it was not entered to their use or to the use of either of them. The first petition of Arthur D. Hendrix asking the Court to enjoin the plaintiff and defendants from carrying out their "collusive agreement," as it is called, alleges that Mr. Standiford had

informed the petitioner that the suit had been settled and that he had been unable to ascertain the terms of the settlement. Yet the prayer of the petition was to enjoin the parties from carrying out what apparently, from the allegations of the petition, was already done. An injunction could not properly have been granted for that reason and we might add for the further reason that although the petitioner alleges that Mr. Hendrix and his wife have a third interest in the money or property which might be recovered she was not even made a party.

The application to file an amended petition states that the original petition alleges that "the plaintiff and defendants were entering into a collusive agreement to settle the above entitled case," etc., but, as we have seen, it in effect alleges that the settlement had already been made. But while the application alleges that the petitioner had "just come into possession of new facts of a highly important character," etc., such new facts were not stated and the proposed amended petition was not presented. There can be no doubt that the Court was not called upon to grant the relief sought on such general allegations, without being informed as to what the facts relied on were.

The petition of Messrs. Winslow and Sparks and the exhibits filed with it disclose the fact that they were employed as the attorneys of Arthur D. Hendrix—not those of the plaintiff. They were appointed by Mr. Hendrix "to be my attorneys" and "to represent me." They do not disclose any right to an injunction against the plaintiff and defendants in the case. Nor do we find any reason for admitting them or Mr. and Mrs. Hendrix as parties. The petition asking that to be done, as well as the one of Messrs. Winslow and Sparks, was not filed until several months after the order of the plaintiff dismissing the bill had been filed.

As indicated from the above quotation from the case of *Western Union Telegraph Company* v. *Semmes,* this Court has never given its sanction to a doctrine which prevents a litigant from compromising a case, although his attorney may

have a contingent fee in the result. It is said in 2 *Poe,* sec. 52, that: "The existence of an agreement for a contingent fee does not, however, prevent the plaintiff from discontinuing the action." That being so *a fortiori* a layman should not be permitted to prevent the plaintiff from doing so because he has a contingent compensation in a case. When an attorney has rendered service in such a case, his remedy is against his client, and if any of the appellants have any rights under the agreement and powers of attorney, their remedy is not in this case but in a suit at law. The petitions were dismissed without prejudice, which was probably done by the Court below to avoid interfering with any rights the parties might have to sue for such compensation or other money as they may claim. So without discussing other questions we will affirm the order.

> *Order affirmed, the appellants to pay the*
> *costs.*