[Civil No. 2277.  Filed May 22, 1925.]

[236 Pac. 710.]

ROXIE WALKER, Appellant, v. JOHN B. WRIGHT and JOHN C. HAYNES, Appellees.

1. ATTORNEY AND CLIENT—WHEN COMPROMISE OF MATTER FOR WHICH ATTORNEY IS EMPLOYED ON CONTINGENT BASIS DOES AND DOES NOT ENTITLE HIM TO FULL FEE FIXED IN COMPENSATION AGREEMENT STATED.—Where the matter for which an attorney is employed on a contingent fee is compromised by the client, with or without the attorney's consent, the attorney may recover the full fee fixed in the compensation agreement, if the result of the compromise, regardless of its form, is in effect substantially the same as that on which his contract fee is based; but, if the result of the compromise differs materially, the attorney is limited to a *quantum meruit*.

2. ATTORNEY AND CLIENT—DEFENDANT CLIENT'S COMPROMISE OF MATTER FOR WHICH HE HIRED PLAINTIFFS AS ATTORNEYS HELD SUBSTANTIAL COMPLIANCE WITH COMPENSATION AGREEMENT ENTITLING PLAINTIFFS TO AGREED COMPENSATION.—Where defendant client in writing agreed with plaintiff attorneys that, in the event he secured one-half the money belonging to his wife as his sole property, or all of it passed into his control as community property, whether by court action or otherwise, the fee agreed to be paid plaintiffs should then become due, a compromise of the matter by defendant with his wife, without consent of plaintiffs, and which

---

1. Amount or basis of recovery by attorney who takes case on contingent fee where client settles or compromises, see notes in 18 Ann. Cas. 1115; 3 A. L. R. 472; 40 A. L. R. 1529. See, also, 2 R. C. L. 1051.

in effect irrevocably branded the money as community property, and secured to defendant a one-half interest therein beyond the power of the wife to dispose of, *held* substantial compliance with contract, entitling plaintiffs to agreed fee.

3. APPEAL AND ERROR—GIVING OF ERRONEOUS INSTRUCTIONS, AND COMMISSION OF ERRORS DURING TRIAL, NOT GROUNDS FOR REVERSAL, WHERE APPELLEES ENTITLED TO VERDICT AS MATTER OF LAW.— Giving of erroneous instructions, and the commission of errors during the trial, *held* not ground for reversal, where appellees were entitled to a verdict as a matter of law.

---

See (1) 6 C. J., pp. 744, 745. (2) 6 C. J., p. 744. (3) 4 C. J., p. 1042.

APPEAL from a judgment of the Superior Court of the County of Pima. George R. Darnell, Judge. Affirmed.

Mr. John A. Deweese and Mr. Vernon S. Gray, for Appellant.

Mr. John B. Wright and Mr. John C. Haynes, for Appellees.

LOCKWOOD, J.—John B. Wright and John C. Haynes, hereinafter called plaintiffs, were practicing attorneys in the city of Tucson. On August 24, 1923, they were retained in their professional capacity by Roxie Walker, hereinafter called defendant, to adjust some difficulties between himself and his wife. He paid them a retainer of One Hundred Dollars ($100.00) cash and gave them four postdated checks of Fifty Dollars ($50.00) each, payable in September and October. A written contract of employment was entered into, which reads, in so far as it is material to the determination of this case, as follows:

"Agreement.

"This agreement, made and entered into this 24th day of August, A. D. 1923, by and between Roxie

---

3. See 14 R. C. L. 815.

Walker, of Tucson, Pima county, Arizona, party of the first part, and John B. Wright and John C. Haynes, of the same place, parties of the second part, witnesseth:

"That the party of the first part hereby employs the parties of the second part, and the parties of the second part agree to act, as attorneys for the party of the first part in all matters connected with the establishment of the right of the party of the first part in and to a certain sum of money now on deposit in the name of Lula Walker (wife of the party of the first part) in the Consolidated National Bank of Tucson, said amount on deposit being $8,000 or more. Parties of the second part agree to notify all tenants of the said Walkers to the effect that rents must be paid to Roxie Walker or his attorneys, and to prosecute without additional fee (other than as herein provided) any actions at law that may be necessary to evict tenants who may refuse to comply with such notification. In the event that a divorce action is filed by Lula Walker against the said Roxie Walker, the parties of the second part herein agree to represent said Roxie Walker in said action without additional fee (other than as herein provided), and in the event that a decree is rendered in such suit for divorce, and the decree settles the entire property rights of the parties, then the balance of the fee herein provided shall be deemed due and payable.

"In the event that one-half of the sum on deposit, as hereinabove stated, becomes definitely established in Roxie Walker as his sole and separate property, with or without court action, or the entire amount placed under the control and disposal of Roxie Walker as community property, with or without court action, then the balance of the fee herein provided for shall be deemed payable whether a divorce action has been had between the said Walkers or not.

"The party of the first part hereby empowers the said parties of the second part to handle all matters hereinabove referred to in his behalf in the superior court of Pima county, Arizona, or elsewhere, and the said party of the first part hereby agrees to pay all costs of court or other costs, as accrued, in con-

nection with the aforesaid matters. Party of the first part hereby empowers the said parties of the second part to handle all offers of compromise or settlement that may be made by the said Lula Walker, or her attorneys; such compromise or settlement to be first approved, however, by the party of the first part.

"Party of the first part hereby agrees to pay to the said parties of the second part the sum of one thousand ($1,000.00) dollars as compensation for the services of the said parties of the second part, payable as follows, to wit: $100.00 cash at the time of the signing of this agreement, receipt of which is hereby acknowledged by the parties of the second part; $100.00 on September 24, 1923; $100.00 on October 24, 1923, and the balance of $700.00 when such balance is due and payable as hereinabove provided in this agreement.

"And the said party of the first part agrees to furnish all evidence and papers that may be lawfully required in the prosecution of said claim or claims, action or actions, and to execute from time to time, and deliver to parties of the second part, such further powers of attorney or other papers as may be necessary in the premises.

"In witness whereof, the parties hereof have set their hands the day and year first above written."

"[Signed]  ROXIE WALKER.<br>
"JOHN B. WRIGHT.<br>
"JOHN C. HAYNES."

In furtherance of the contract plaintiffs had a number of conferences with defendant and his wife and her attorney, advised him as to the proper method of procedure, notified the tenants to pay their rents only to defendant, and were generally using every effort to carry out the contract according to their best judgment, when on September 17th defendant and his wife adjusted their differences regarding the Eight Thousand Dollars ($8,000.00) mentioned in the contract, and, without the knowledge of plaintiffs, entered into a written contract disposing

of the same.　The terms of such contract are as follows:

"The Southern Arizona Bank & Trust Company acknowledges a deposit of eight thousand ($8,000.00) dollars received from Mrs. Lulu Walker to be used in the construction of a building on the joint property of Roxie and Lulu Walker at the corner of Fourth avenue and Broadway, and not to be used for such purpose until a loan is secured on same by Roxie Walker for $15,000.00, all of which money is to be used in the construction of said building and improvement of said property, and in case said loan is not secured and a contract not entered into, then said eight thousand ($8,000.00) dollars is to be paid back to Mrs. Lulu Walker.

"I, Lulu Walker, hereby agree to sign with Roxie Walker the note and mortgage as soon as loan is secured and papers ready. Roxie Walker signs this paper as agreeing to its terms and to the further stipulations that an apartment in said building is to be prepared for a suitable living place for his wife Mrs. Lulu Walker, which is to be arranged, as agreed to by her and Architect Starkweather, and further that the income from said building, when completed, is to be deposited in a joint account requiring both signatures on all checks, the expenses, taxes, etc., to be paid out of said account.

"In consideration of this Mrs. Lulu Walker agrees that, if conditions should warrant that she consents to further building additions on said property, and the balance in the income account above mentioned is to be used to defray the expenses.

"The Southern Arizona Bank & Trust Company signs this paper, and agrees to carry out its terms and stipulations as to the returning the eight thousand ($8,000.00) dollars to Mrs. Walker, should the loan be not secured, with the understanding that all moneys on account of said building be laid out by their trust department on authorization signed by Starkweather and O. K.'d by Roxie and Lulu Walker.

"ROXIE WALKER.
"LULU WALKER.
"SOUTHERN ARIZONA BANK & TRUST CO.,
"G. H. SAWYER, Secretary.
"Sept. 17, 1923."

On receiving notice of this settlement, plaintiffs advised a further arrangement regarding the rents, which was duly consummated. Thereafter defendant informed plaintiffs that he no longer needed their services, stopped payment on the checks, and refused any further payment under the contract. Plaintiffs filed suit against the defendant alone, not joining his wife in the action, to recover the balance of their fee under the contract. Defendant answered, admitting the execution of the contract, but alleging that plaintiffs had agreed to bring suit to enjoin his wife from removing the money from the state, but had neglected and refused to do so, and that, fearing she might carry out her threats to take the money out of the jurisdiction of our courts, and plaintiffs offering him no remedy against such action, in order to save any rights whatever in the money, he was compelled to enter into the contract of settlement. He also, in a cross-complaint, demanded a return of the One Hundred Dollars ($100.00) already paid. The case was tried to a jury, which returned a verdict in favor of plaintiffs for the full amount of Nine Hundred Dollars ($900.00) still unpaid under the contract. Judgment was rendered thereon, and after the usual motion for a new trial defendant appealed to this court.

It may clarify the situation if, before discussing the assignments of error, we set forth the fundamental rule of law applicable to cases of this kind, thereafter applying it to the alleged errors in such manner as seems necessary. Where an attorney is employed upon a contingent fee, and the matter is compromised, with or without his consent, if the result arrived at, no matter what its form, is in effect substantially the same as that upon which his contract fee is based, he may recover the full compensation fixed in the agreement; but, if it differs materially, he is limited to a *quantum meruit. Ingersoll* v. *Coram,* 211 U. S.

365, 53 L. Ed. 208, 29 Sup. Ct. Rep. 92; *Harris* v. *Root*, 28 Mont. 159, 72 Pac. 429; *Polsley* v. *Anderson*, 7 W. Va. 202, 23 Am. Rep. 613; *Western Union* v. *Semmes*, 73 Md. 9, 20 Atl. 127; *Agnew* v. *Walden*, 84 Ala. 502, 4 South. 672; *French* v. *Cunningham*, 149 Ind. 632, 49 N. E. 797; *Badger* v. *Mayer*, 8 Misc. Rep. 533, 28 N. Y. Supp. 765; *Quint, etc.,* v. *Ophir*, 4 Nev. 304; *Webster* v. *Rhodes*, 49 Colo. 203, 112 Pac. 324.

It appears from the undisputed evidence that, at the time plaintiffs were retained by defendant, his wife had the full control of the Eight Thousand Dollars ($8,000.00) mentioned in the contract, claiming it as her separate property, and he feared she would so dispose of it that he would lose such rights as he had, if any, thereto. He agreed that, in case he secured one-half the money as his sole property, or it all passed into his control as community property, whether by court action or otherwise, the fee should become due. The effect of the contract with Mrs. Walker, if consummated by its being invested as the evidence showed it had been at the time of the trial, was to irrevocably brand the money as community property, and to secure to defendant a one-half interest therein beyond the power of Mrs. Walker to dispose of. While this was not a literal compliance with the conditions of the contract, it was a substantial fulfillment thereof, and under the doctrine of *Ingersoll* v. *Coram*, and *Webster* v. *Rhodes, supra,* entitled plaintiffs to their full fee.

We have examined the complaint, and it sets up a good cause of action against a general demurrer. Under the law as above announced, and the undisputed evidence applicable thereto, the court should have instructed the jury to return a verdict for plaintiffs. Such being the situation, it is immaterial that some of the instructions given were based on a wrong

28 Ariz.—16

theory of the law, or that other errors were committed during the trial.   Under section 22, article 6, the only result possible having been reached, the case should not be reversed, because in reaching that result some errors were committed.   For the foregoing reasons, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.